No, 10,337.

LATHROP, ET AL. *v.* JOHN, ET AL.

Decided May 7, 1923.

Action to quiet title. Judgment for plaintiffs.

*Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* Findings of fact by the trial court based upon conflicting evidence, or supported by sufficient evidence, are conclusive on review.

2. DEEDS—*Delivery.* The presumption as to time of delivery of a deed, based on its date, is rebuttable.

3. APPEAL AND ERROR—*Errors not Assigned or Raised Below.* Alleged errors not presented to the trial court, nor included in the assignment of errors presented for review, will not be considered.

4. QUIETING TITLE—*Parties.* One who has parted with his interest in real property, is not a necessary party in an action to quiet title thereto.

*Error to the District Court of Kit Carson County, Hon. Arthur Cornforth, Judge.*

Mr. LOUIS VOGT, Messrs. GODSMAN & GODSMAN, Messrs. RELIHAN & RELIHAN, for plaintiffs in error.

Messrs. MAHIN & MAHIN, Mr. E. F. MURPHY, Messrs. ALLEN & WEBSTER, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by W. T. John and M. U. John to quiet title to a tract of land in Kit Carson County. W. R. Lathrop and Henry D. Jones were made defendants. The defendant Lathrop made no appearance. The defendant Jones filed an answer. The cause was dismissed as to Lathrop. On trial to the court, without a jury, findings were for plaintiffs. A decree was entered accordingly. Both defendants bring the case here for review.

There are three assignments of error. The first alleges that the judgment is "against the evidence;" the second that it is "against the law;" and the third that the judgment is "against the law and the evidence."

It was stipulated at the trial that both parties plaintiff and defendant derive whatever title they, or any of them, may have, from one James F. Varner, and that Varner was the owner of the land on May 2, 1917. On July 7, 1917, Varner made a conveyance of the premises by warranty deed. The deed was delivered to one Jesse F. Mathes. The name of the grantee was not filled in, at the time, but Mathes was authorized to complete the deed in that respect. His own name was placed in the deed, and on January 15, 1920, Mathes conveyed to the plaintiffs.

· The deed from Varner to Mathes, although executed and delivered on July 7, 1917, was not recorded until December 30, 1919. In the meantime Varner, on September 25, 1918, executed a quit claim deed to Lathrop, and thereafter Lathrop conveyed to defendant Jones. The Jones deed was recorded December 24, 1919. Jones claims as an innocent purchaser, for value, and without notice of the prior unrecorded deed from Varner to Mathes. The court found, however, that Jones had notice, and so far as the defendant Jones is concerned that finding disposes of the principal issue of fact.

Jesse F. Mathes testified that he had a conversation with Jones on December 10, 1919, and told Jones that he, Mathes, was the owner of the land and had a warranty deed for the same. Mathes also testified to a conversation with Jones to the same effect on December 14, 1919. From the testimony of Mathes it appears that Jones was then negotiating for the purchase of the land, but had not yet purchased it. The deed which Jones has is dated June 2, 1919, but the presumption as to the time of delivery, based on the date named in the deed, is rebuttable. In this case it is rebutted both by the testimony of Mathes and of Jones himself. He testified the deed to him was delivered December 20, 1919, and that the conversation with Mathes occurred after that time. He admits the conversation. There is a conflict in the evidence as to the time of the conversation. The finding of the court, being based on conflicting evidence, is conclusive upon us. There is sufficient evidence to support the finding. There does not appear in the record any other matter which requires a further discussion of the proposition that the judgment is, or is not, "against the evidence." There is sufficient evidence to support the judgment.

It is claimed the court erred in refusing to permit defendant to reopen the case after he rested. This question is not raised by any assignment of error.

It is also contended, in effect, that the judgment is against the law because the action was dismissed as to Lathrop. Lathrop had parted with his interest. He was not a necessary party. 32 Cyc. 1347.

The court made findings to the effect that Varner was induced to execute the quit claim deed to Lathrop by reason of misrepresentations made by Lathrop. The correctness of these findings is challenged by plaintiffs in error. They are, however, supported by the evidence. Moreover, if the fact were otherwise, it would be immaterial, since Varner had previously conveyed the property by warranty deed.

Plaintiffs in error also assume, apparently, that there

was error in not requiring plaintiffs to reimburse defendants for taxes paid. This question is not presented by any assignment of error, nor was it raised in the court below.

There is no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.