No. 13,773.

Dormer *v.* Walker et al.
(69 P. [2d] 1049)

Decided June 1, 1937.   Rehearing denied June 21, 1937.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for plaintiff in error.

Mr. HOWARD T. ROEPNACK, for defendants in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE parties appear here in the same position as in the court below and we shall refer to Mary Dormer as plaintiff or remainderman, and to the respective defendants by either that designation, or as life tenant and trustee. Mary A. Davis, in her lifetime, conveyed to the predecessor of the defendant trustee, certain real property for the life of the defendant, Hattie C. Walker, with remainder in fee simple to the plaintiff and her cotenant, Glenn Earl Newton, who is not a party to this proceeding. The life tenant is the daughter of the grantor and the remaindermen are children of the life tenant and grandchildren of the grantor. The deed gave to the trustee the power to rent or lease the said real estate and required the payment by him from said rental of ''all taxes and assessments, including water tax, that may be levied or assessed against said property when the same are due,'' and further provided that in case said taxes and assessments ''are not paid within six months after the same are due and payable, then and in that case the trust hereby created and all the rights and benefits to said

Hattie C. Newton [now Hattie C. Walker, the defendant] shall cease and terminate, and the title to said real estate shall vest immediately in fee simple, in the said remaindermen, * * * and they shall be entitled to the immediate possession thereof."

It would appear from the recitals in the deed that the grantor had serious doubts concerning the ability of the life tenant to manage and operate the property so as to pay the taxes, assessments and make the necessary and essential repairs on the improvements on the property, and intended the conveyance to insure the transmission to the remaindermen of the property intact, free and clear of taxes, incumbrances and other charges which might be contracted by the life tenant. With this thought apparently in mind the grantor expressly authorized the trustee to lease the real estate to the life tenant, but provided "that in no event shall the property be rented to said beneficiary for a sum less than is sufficient to pay all taxes and assessments levied against said property, including any assessment or tax for water, and including also a sum sufficient to make all necessary and proper repairs to the improvements thereon." The duration of any lease to be made by the trustee to the beneficiary was expressly limited to one year.

Neither the trustee nor the life tenant paid the general taxes and assessments on the premises for the year 1930, nor the Moffat Tunnel taxes and interest for the years 1928, 1929 and 1930. After the elapse of more than six months after the taxes and assessments were due, the plaintiff brought this suit in ejectment to secure possession of the property upon the theory that the alleged breach by the trustee and the life tenant terminated the life estate and entitled the remaindermen to the immediate possession of the property. In addition to alleging the facts we have briefly stated, the plaintiff pleaded that shortly after the execution of the deed the life tenant entered into the possession of the property and has since occupied it without lease, and that the inability of the

trustee or his predecessors to pay taxes and assessments was due to the action of the life tenant in making it impossible to rent said premises to any third person, and her failure to pay any rent herself therefor.

It is also alleged that her arbitrary action in these respects caused the resignation of two preceding trustees, one of whom was named by the conveyance and the other by the county court of Jefferson county. By appropriate answer the defendants put in issue the allegations of the complaint and made some affirmative allegations, which we shall allude to as the occasion may require.

The trial court rendered judgment on the pleadings in favor of the defendants on their motion. The whole matter, therefore, rests upon the pleadings and the question decisive of the issues is whether or not the right to terminate the life tenancy reposed in the remainderman upon the failure of the trustee to pay the taxes and assessments provided in the conveyance.

It is conceded by the parties that by the terms of the conveyance it was the duty of the trustee and the life tenant to discharge the taxes on the property covered by the life estate. The life tenant, however, claims that notwithstanding the existence of this duty, the relief of the plaintiff lies in other legal or equitable proceedings which we shall hereinafter mention, but in no event does it extend to the right to terminate the life estate.

As a matter of law, even where the instrument creating the life estate is silent as to these items, it is the duty of the owner of a life estate, who is entitled to receive the rents, issues and profits therefrom, to keep paid all current taxes and assessments which, if left unpaid, may result in a lien effective against the interests subsequent to the estate for life. Restatement of the Law of Property, p. 410, c. 6, §129. It also seems to be the law in the United States, except in the states of Arkansas, North Carolina and Ohio, where more drastic statutes have been enacted, that where this obligation to pay the taxes arises under the terms of the agreement or

by operation of law and the owner of the life estate fails to discharge his duty in this respect, the owners of the future interest in the land involved are generally limited, depending upon the circumstances of the case, to the following remedies: (1) An action for damages against the life tenant or his personal representative; (2) mandatory injunction requiring the life tenant to perform his duty; (3) appointment of a receiver to manage and operate the land and perform the duty; (4) to impress the life estate with a lien in favor of the remainderman where he has made payment of the item which it was the duty of the life tenant to pay, and, (5) compel the life tenant or his personal representative to reimburse the owner of the future interest for the sums he may expend in the payment of such taxes or assessments.

In the case at bar, if the conveyance had been silent as to the duty of the life tenant with respect to the payment of taxes during the period of the life estate, or had merely imposed the duty or obligation to pay such taxes, we would be inclined to agree with her contention that the plaintiff would be limited to one or more of the remedies just enumerated. However, we believe the conveyance as executed by the original grantor expresses the clear and definite intention that the life estate should terminate in favor of the remaindermen upon failure to pay the taxes and assessments in the manner and within the time therein required. In this connection the life tenant asserts that the provision in the conveyance with reference to this obligation, constitutes a condition subsequent in which case it is argued the original conveyor or her heirs as owners of the reversionary interest as distinguished from a remainder are the only ones to have the power of termination upon breach of the condition subsequent.

An estate for life can be created subject to a special limitation, a condition subsequent, an executory limitation or a combination of these restrictions. Restatement of the Law of Property, p. 46, c. 2, §18.

In view of what we conceive to have been the intention of the grantor and the words used in the conveyance expressing this intention, we must conclude that the provision terminating the life estate, upon default as therein provided for the payment of taxes and assessments, amounts to an executory limitation rather than a condition subsequent. In Restatement of the Law of Property the term "executory limitation" is defined as denoting "that part of the language of a conveyance, by virtue of which * * * the interest subject thereto, upon the occurrence of a stated event is to be divested, before the normal expiration thereof, in favor of another interest in a person other than the conveyor or his successor in interest." P. 63, c. 2, §25. In the same chapter of the work last mentioned, at page 64, the following is said: "The occurrence of the event stipulated in an executory limitation automatically terminates the interest subject to such limitation. In this particular an executory limitation resembles a special limitation * * * and is unlike a condition subsequent * * *. An executory limitation * * * 'divests' the interest subject thereto. In this particular an executory limitation resembles a condition subsequent and is unlike a special limitation. One fact, however, differentiates an executory limitation from both a special limitation and a condition subsequent. An executory limitation cannot operate in favor of the conveyor and can create interests in heirs or successors in interest of the conveyor only when such persons take directly by purchase rather than by descent. This is expressed in this Section by the phrase which appears in both Clauses of this Section, namely, 'a person other than the conveyor or his successor in interest.' Contrastingly, special limitations and conditions subsequent can, and most commonly do, operate in favor of the conveyor." It seems to us the stipulations in this conveyance cannot be construed as intended to operate in favor of the conveyor, but clearly were intended for the benefit of the remaindermen. Upon the occurrence of a breach

26

of the provisions we have discussed, we believe the life estate was divested and the limitation became operative in favor of the remaindermen.

The life tenant also suggests that under the plaintiff's pleadings impossibility of performance on the part of the trustee affirmatively appears from the allegation that the rentals and receipts from the property have been insufficient to pay the taxes. The amended complaint, however, also alleges that the lack of availability of these sources from which the taxes could have been paid was due to the fault and dereliction of the life tenant. The defendant's motion for judgment on the pleadings admits the truth of the allegations of the complaint. *Larimer & Weld Co. v. Ft. Collins Co.,* 60 Colo. 241, 245, 152 Pac. 1160; *Miller v. Houston,* 27 Colo. App. 89, 146 Pac. 786.

We must, therefore, assume that if any impossibility of performance has arisen, it has been due to the wilfull acts of the life tenant in making it impossible for the trustee to rent or operate the property and in failing to pay any rental herself. Under no theory can the life tenant legally attempt to take advantage of an improper condition created by herself. Of course, the final conclusion as to this issue can only be arrived at after the facts are adduced at the trial of the cause.

The judgment is reversed.

Mr. Chief Justice Burke and Mr. Justice Holland concur.