No. 18,249.

JAMES E. BRITT *v.* ELEANOR E. BRITT.
(328 P. [2d] 947)

Decided June 30, 1958.   Rehearing denied September 2, 1958.

Mr. DON B. OLIVER, LILA I. LUDLAM, for plaintiff in error.

Mr. Sol Cohen, Mr. John J. Dunn, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties appear here in the same order they appeared in the trial court. We will refer to the plaintiff in error as the husband, and the defendant in error as the wife.

The husband instituted a divorce action against his wife, after some twenty-two years of married life. The suit was not contested and a final decree was entered awarding the husband a decree on the grounds of extreme and repeated acts of cruelty. Three children were born as the issue of the marriage, one of whom at the time of the divorce decree was married, and the husband was awarded custody of the remaining two. Later the elder girl, some seventeen years of age, elected to live with her mother.

The trial court having reserved jurisdiction to make a division of property in the decree, held a hearing and decreed that the family home at 885 Federal Boulevard, Denver, Colorado, be sold and the net proceeds derived from the sale delivered to the wife. The title to the property stands in the names of the husband and wife as joint tenants. The family furniture and an automobile owned by the husband were awarded to him. No alimony was decreed by the court, and none was asked for by the wife.

At the hearing on division of property it appeared that the property at 885 Federal Boulevard was purchased by the parties litigant in 1945 for some $5,500. A mortgage or deed of trust against the property was paid down to a few hundred dollars when the husband, in order to release a mortgage on his automobile and to build a garage

on the premises, placed an additional encumbrance against the property. The monthly payments on the encumbrance amount to approximately $46.00 per month. The husband is employed by Swift & Company as a driver and earns approximately $280.00 per month; the wife has been employed almost continuously either in a factory or as a waitress and cook. Her earnings were pooled with those of her husband in support of the family and in the discharge of family indebtedness.

From the order dividing the property of the parties, the husband brings the case here on writ of error, contending that the order is "inequitable and unfair as to the innocent spouse and requires adjustment and re-evaluation."

It is asserted by counsel for the husband that the decree herein "illustrates an abuse of discretion and a determination based upon the court's own sense of justice and what it believed equitable and not upon principles that are fixed, certain and unwaveringly established. Plaintiff respectfully requests that the within cause be reversed with a division of property on the basis of what would be equitable under the evidence."

In *Shapiro v. Shapiro*, 115 Colo. 505, 176 P. (2d) 363, we said:

"Where by her services beyond the usual duties of a homemaker, a wife has contributed either funds or services which enabled the husband to increase his property holdings or to preserve those already held, the wife is entitled upon divorce, to an equitable award of money or property as may be justified by the circumstances of the parties, * * *

"Such property division may be made even where wife is not entitled to alimony. And it is not a necessary prerequisite that the wife show that she has contributed by funds or efforts to the acquiring of the specific property awarded her. * * * "

Division of property in a divorce action is a matter resting in the sound discretion of the trial court, and

in the absence of a clear showing of an abuse of such discretion its judgment will not be disturbed on review. *Granato v. Granato,* 130 Colo. 439, 277 P. (2d) 236.

■ In the light of the record before us and in view of the contribution made to the family budget and assets by the wife, we must hold that no abuse of discretion appears on the part of the trial court in making the division of the property complained of.

While we might not have made the identical order which was entered by the trial court, we cannot say that the trial court acted arbitrarily or abused its discretion in promulgating the decree, nor can we under the record presented make an "adjustment and reevaluation" as suggested by counsel for the husband.

Accordingly the judgment is affirmed.