No. 20913.

GERTRUDE O. HUNTER *v.* M. LAKIN HUNTER.

(395 P.2d 604)

Decided October 5, 1964.

Mr. ROBERT L. McDOUGAL, for plaintiff in error.

Messrs. SHELDON and NORDMARK, Mr. JAMES T. BAYER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE parties to this action were formerly husband and wife. A decree of divorce was granted to plaintiff in error following a trial which took place December 18, 1962.

At that time counsel for the parties were directed to prepare a decree in conformity with the court's verbal findings and conclusions with reference to attorneys' fees, alimony, division of property, etc. Due to the inability of counsel to agree upon the content of this decree, and the withdrawal of appearance on the part of counsel for plaintiff in error, the decree was not actually signed until April 26, 1963, after the entry of appearance of a new attorney. It appears, however, that the decree was signed "nunc pro tunc December 18, 1962."

The trial court ordered that the home of the parties be sold and the proceeds received from the sale be divided; that defendant in error should pay $300.00 per month alimony and should make a number of other substantial expenditures in connection with the encumbrance upon the property and indebtedness of the parties.

Mrs. Hunter, plaintiff in error, strenuously objected to the order to sell the property, and to the refusal of the trial court to order defendant in error to pay her attorneys' fees. She further objected to the award of $300.00 per month alimony on the ground that it was inadequate, and that the overall property division ordered by the trial court was so insufficient to provide for her needs as to amount to an abuse of discretion on the part of the trial court. Bickerings, citations for contempt, motions to reduce alimony and for reconsideration of the property division followed. The case is here on writ of error directed to the court's judgment on the division of property, alimony, and payment of attorneys' fees.

Notwithstanding the order to sell the real estate, the sale thereof was not made. Various charges and countercharges are advanced as being responsible for the failure to consummate the sale. In the interim the property has been lost beyond redemption through foreclosure of the encumbrance upon it, and the asset represented by the equity of the parties in said real estate has been lost. All questions bearing upon the real estate are now moot. It

is also admitted that each of the parties has presented a petition in bankruptcy and has been discharged from liability upon the debts listed therein. Thus Mrs. Hunter has been discharged from liability for payment of attorneys' fees.

It is freely admitted by counsel for the parties that all matters in controversy on this writ of error are now moot except the single question as to whether the award of $300.00 per month was so grossly inadequate as to amount to an abuse of discretion on the part of the trial court. The record before us on that issue does not disclose an abuse of discretion.

It is admitted that the financial situation of the parties has been materially altered during the pendency of the action in this court; that applications for changes in the original order have been made and are pending in the trial court but that no action thereon has been had because of the issuance of the writ of error herein.

Notwithstanding the pendency of this type of action in this court the trial court has jurisdiction to determine matters, properly presented, arising subsequent to judgment.

The judgment of the trial court awarding alimony in the sum of $300.00 per month is affirmed.

With reference to other matters argued, the questions are moot and we express no opinion. Nothing in this opinion shall be construed as an indication that changes should, or should not, be made in the original order because of changes in the financial needs and abilities of the parties which have arisen since the writ of error issued herein. The trial court has full jurisdiction to hear and determine the facts as they now exist and to enter judgment as advised.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.