No. 20651.

ZEE NORMA MILLER *v.* FRANK A. MILLER.
(402 P.2d 66)

Decided May 17, 1965.

ISAAC S. WILLSON, for plaintiff in error.

ROBERT T. KINGSLEY, ALBERT B. WOLF, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SCHAUER.

THE parties appear in the same order as they appeared in the trial court and will be referred to as they there appeared, as plaintiff and defendant respectively.

The parties were married on June 19, 1954. On June 1, 1962, plaintiff filed an action for divorce in which she prayed for an equitable division of the property of the parties, alimony, attorney fees and costs. On September 10, 1962, plaintiff was granted a noncontested divorce. A hearing on her application for the additional relief prayed for was deferred to October 31, 1962. On the latter date the case was tried to the court. Findings were made and a decree was entered on December 10, 1962, as a result of which the plaintiff now prosecutes this writ of error.

Presentation of the case disclosed the following pertinent facts:

At the time of trial, plaintiff was sixty-two years of age and defendant was sixty-six. Prior to the marriage of the parties plaintiff owned a small home in Littleton, Colorado, and shortly before her marriage to the defendant she sold her equity therein for $4,000.00. For many years she has been employed with an estimated gross earnings during the eight years of the marriage of approximately $40,000.00. In 1961, her gross earnings were $6,284.04, and her monthly take-home pay has averaged, and now is, $356.74. During her married life with

defendant she paid all the grocery bills and bought some house furnishings, while defendant paid the taxes and expense of the maintenance of the family home which was owned by him prior to the marriage. During the marriage, defendant added, among other things, a patio, completed the basement, and constructed a new roof and sidewalks. He did all the work and the out-of-pocket expense was negligible. Defendant was formerly employed by the railroad, and his retirement pay is $173.20 per month. Plaintiff testified: "I have more than paid half my way."

The parties filed their respective affidavits, showing their net assets at the approximate date of the trial. The court, nevertheless, heard extensive testimony as to the manner in which these parties conducted their business affairs. The evidence revealed that they both deposited money in their joint checking account and joint savings account, and made withdrawals at will. Similar methods were used in a credit union. From the information contained in the affidavits and the evidence presented at the trial, the court was able to determine the net assets of the parties at the time of trial.

It is not for us, as a reviewing court, to try to audit their accounts in this opinion. The trial court, as the trier of the facts, has made its determination from the evidence as a whole, setting forth with considerable detail the individual and joint ownership of the vehicles and other personal property.

The court specifically found that the furniture, fixtures and personal articles of the parties were of approximately equal value and each should retain such articles as were then in her or his possession. Additionally the court found that defendant should retain as his own separate property his home in Denver, which had been acquired by him prior to the marriage of the parties and to the purchase price of which plaintiff had made no contribution.

Certain rental property located in Longmont, which

was purchased by the parties as an investment, the value of which was stipulated to be $16,000.00, was ordered sold for the highest and best price obtainable. The plaintiff was awarded from the sale the sum of $7,350.00. The court further found that plaintiff should receive no alimony and that each party has sufficient assets to pay her or his attorney's fees. Motion for new trial was dispensed with.

█ Plaintiff's assignments of error may be summarized as an assertion that the trial court abused its discretion. With this we do not agree. The issues brought here on writ of error must be resolved from an examination of the entire record to determine whether the findings of the trial court are supported by the credible evidence adduced at the trial.

█ The allowance of alimony and attorney fees lies within the sole discretion of the trial court, and we find no abuse of discretion on this issue. Moreover, an analysis of the judgment, which is amply supported by the record, reveals that the court arrived at a distribution of the property belonging to the parties, with which we cannot disagree as a matter of law.

Having given full consideration to plaintiff's complaints regarding the findings of fact, we deem it appropriate herein to quote from *Britt v. Britt,* 137 Colo. 524, 328 P.2d 947, 948 (1958):

"While we might not have made the identical order which was entered by the trial court, we cannot say that the trial court acted arbitrarily or abused its discretion in promulgating the decree, * * *."

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE FRANTZ concur.