No. 22525.

EDITH L. MARSAGLIA *v.* JOHN J. MARSAGLIA.
(462 P.2d 588)

Decided December 29, 1969.

Menin and Harthun, Carl L. Harthun, for plaintiff in error.

Eberhardt, Safran and Payne, Raymond L. Payne, Jr., for defendant in error.

*In Department.*

Opinion by Mr. Justice Lee.

Plaintiff in error, Edith L. Marsaglia, obtained a decree of divorce from defendant in error, John J. Marsaglia, in the state of Arizona. The Arizona decree provided that John should pay Edith $190 each month as alimony and $80 each month as support money for the minor child of the parties, whose custody had been awarded to Edith.

Shortly after the entry of the Arizona decree of divorce, Edith moved to Colorado. An action was commenced in the Denver District Court as provided in C.R.S. 1963, 46-4-1 for the adoption of the Arizona decree as a decree

of the Denver District Court. This was accomplished without opposition from John who had also become domiciled in Colorado. Inasmuch as John had become substantially deliquent in the payment of his almony and child support obligations, Edith brought a contempt proceeding against him. The court found him to be in contempt and appropriate orders were entered in this connection. John thereupon filed a motion to reduce or suspend alimony payments to Edith, and for visitation rights with the minor child.

An evidentiary hearing was held and the trial court reduced the amount of monthly alimony from $190 to $50. It is from this order that Edith brings error, alleging that under the circumstances then existing a reduction in alimony was not warranted and the court's order was an abuse of discretion. Edith requests this Court to vacate the order reducing alimony; to reinstate the former order; and to award her court costs and attorneys' fees incurred by her in this appellate proceeding and in the trial court.

We find no abuse of discretion by the trial court in reducing the amount of alimony under all the circumstances shown by the evidence, and we therefore affirm the judgment.

The undisputed evidence was that at the time of the entry of the Arizona decree, Edith was unemployed, had no income of her own, and was entirely dependent upon John for support. Accordingly, the court awarded her $190 per month as alimony for her support and maintenance. When Edith moved to Colorado, she was successful in finding employment with Swift and Company where she was working at the time of the hearing. Her monthly gross earnings were $400 and her net take-home pay was $298. This, the court found to be a substantial change in Edith's financial condition. On the other hand, the evidence showed that John's income from all sources was substantially the same as it was at the time of the Arizona hearing.

The evidence further showed that Edith's necessary monthly expenses for herself and the minor child were $317.25 and that in addition she had fixed abligations requiring payments each month of $120.58. Among the fixed obligations was a debt to the credit union of her employer, toward which $40 was deducted from gross wages each month and applied on this debt. Thus, the amount required to be paid by her directly on fixed obligations was $80.58. Edith's total monthly obligations payable directly by her amounted to $397.83. Her spendable income from all sources, including her salary, alimony and child support, as ordered by the court at the conclusion of the alimony reduction hearing, amounted to $428. Under the circumstances of this case, we cannot say that the trial court abused its discretion in reducing the alimony payable by John to Edith from $190 to $50 each month. On the contrary, the award of alimony appears to be not inconsistent with the needs and abilities of the respective parties at the time of the hearing. *Henderson v. Henderson,* 164 Colo. 1, 431 P.2d 1022; *Miller v. Miller,* 157 Colo. 213, 402 P.2d 66; *Hunter v. Hunter,* 155 Colo. 516, 395 P.2d 604; *Boyer v. Boyer,* 148 Colo. 535, 366 P.2d 661; *Engleman v. Engleman,* 145 Colo. 299, 358 P.2d 864; *McPheeters v. McPheeters,* 132 Colo. 312, 287 P.2d 959.

Counsel for Edith for the first time raised the matter of attorneys' fees and court costs in his brief in support of his motion for rehearing in the trial court. No request was made therefor in the motion to reduce alimony and no evidence was presented to the trial court concerning these matters. The issue of Edith's entitlement to attorneys' fees and court costs was not before the trial court and we find no ruling by the court upon which error could be predicated in this respect. We find no merit to this contention. *Lathrop v. John,* 73 Colo. 304, 215 P. 472. However, by this ruling we do not preclude Edith from raising this issue in the trial court upon proper application.

514

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.