470 P.2d 581 (1970)
Bernadene DORSEY, Plaintiff in Error,
v.
Lewis E. DORSEY, Defendant in Error.
No. 70-019. (Supreme Court No. 22703.)
Colorado Court of Appeals, Div. I.
February 25, 1970.
Richard N. Doyle, David B. Emmert, Greeley, for plaintiff in error.
Ralph E. Waldo, Jr., Greeley, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originially filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
*582 Plaintiff in error was defendant below and will hereinafter be referred to as defendant and defendant in error was plaintiff below and will hereinafter be referred to as plaintiff.
The parties were divorced in 1963 and the custody of the minor daughters, Sidnia Dorsey and Lewette Dorsey, was awarded to defendant. Regarding support, an order was entered August 5, 1963, which ordered plaintiff to pay to defendant the sum of $150.00 per month alimony and $75.00 per month per child as child support.
On the basis of a contempt citation, a subsequent order was entered on June 16, 1965, which provided as follows:
"IT IS ORDERED, THEREFORE, THAT plaintiff is not in contempt of this Court; that plaintiff is in arrears in alimony and support payments in the sum of $350.00 as of June 1, 1965 and that said arrearage be paid at the rate of $50.00 per month commencing in June, 1965; that Plaintiff pay alimony in the sum of $150.00 and support in the sum of $150.00 forthwith for the month of June, 1965 and monthly thereafter as before ordered; that of said sum the Clerk pay $75.00 per month directly to Sidnia Dorsey and the balance to Defendant; that Plaintiff pay on or before August 1, 1965, for the benefit of Defendant's attorney the sum of $75.00 for his services; that all payments be made through the registry of the Court."
On July 16, 1966, plaintiff was again cited for contempt of court for failure to make payments as ordered. Just prior to the hearing on this citation, plaintiff filed a petition for reduction of alimony. The court held two hearings; one on the contempt citation and the other on the petition for reduction of alimony. The evidence disclosed that plaintiff was $475.00 in arrearage in his alimony payments; that the daughter, Sidnia, had attended Colorado State University during the past year; that plaintiff had paid all of her expenses in the approximate amount of $2,250.00 for the school year; and that he had paid $394.93 to the daughter, Lewette Dorsey. These latter payments consisted of $300.00 paid for a high school trip for Lewette to the East Coast, $20.00 for a Christmas gift in 1965, $30.00 for rental of ski equipment, $14.93 for insurance, birthday gift of $10.00 and $20.00 for an undisclosed purpose.
Plaintiff claims credit for the excess paid to Sidnia to offset the additional amount owed as support for Lewette. None of the amounts paid for either daughter was paid through the registry of the court.
On the claim for reduction of the alimony, plaintiff testified that he could not afford to send one daughter to college and have the other daughter start college in the fall if he had to keep up a payment schedule as ordered by the court; that he had to render financial assistance to an emancipated daughter; that he had quit his job and had gone into business for himself with another person; that he owned one-half of the business; that his take-home pay had been substantially reduced and that his monthly take-home pay from the business was $640.00 per month.
Defendant had started working since the prior hearing and was now making $230.00 per month take-home pay.
Financial statements of the parties were filed and the court heard extensive testimony as to the financial situation of the parties.
At the conclusion of the two hearings the court found that the plaintiff was in arrears $475.00 in back alimony; that the plaintiff had paid sufficient amounts outside the registry of the court to more than pay his obligation for the support of the two minor daughters and that he was not in arrears or in contempt of court. The court ordered that alimony be reduced to $100.00 per month effective September 1, 1966; that plaintiff pay $50.00 per month to the defendant for the support of Lewette or until she became of age or emancipated; and that the defendant pay $50.00 per month to defendant for the support *583 of the daughter, Sidnia; all of which sums were to be paid through the registry of the court. It was further ordered that the plaintiff pay direct for the necessary college expenses of tuition, books, room and board of the daughter, Sidnia Dorsey, at the college to be agreed upon between plaintiff and the said daughter and that plaintiff would be allowed to take said daughter, Sidnia, as a dependent on his income tax return; that if plaintiff paid room and board for Sidnia while she was living away from home attending college, then plaintiff would be excused from making the $50.00 per month payment into the registry of the court for Sidnia.
The defendant appealed from the above orders and alleges three grounds of error; (1) that plaintiff should not be given credit for payments made direct and outside the registry of the court; (2) that plaintiff should not be allowed to take credit for the overpayment for Sidnia as against the underpayment for the daughter, Lewette, (3) that the court abused its discretion in lowering the alimony and child support payments.
The purpose of the court's order in requiring payments to be made through the registry of the court to the mother for the benefit of the daughters is so that the mother can budget her finances and maintain a home for herself and daughter in an orderly manner and allow the mother to maintain control and discipline over the daughter.
The case of Martin v. Martin, 59 Wash. 2d 468, 368 P.2d 170, states the correct rule:
"The general rule is to the effect that when a father is required by a divorce decree to pay to the mother money for the support of their dependent children and the unpaid and accrued installments become judgments in her favor, he cannot, as a matter of law, claim credit on account of payments voluntarily made directly to the children. * * * However, special considerations of an equitable nature may justify a court in crediting such payments on his indebtedness to the mother, when that can be done without injustice to her."
The court erred in allowing plaintiff to offset the additional amount paid to Sidnia against the amount owed for Lewette. The order of June 16, 1965, provided that all payments would be made through the registry of the court. It further provided that the clerk of the court pay $75.00 per month direct to the daughter, Sidnia. Even though he did not make these payments through the court, he should be given credit for the amounts paid direct to Sidnia, especially where she actually received the money and the original court order did not contemplate the payment being paid to the mother for the benefit of the daughter. However, there were no funds paid into the registry of the court for the benefit of the daughter, Lewette, and no funds were paid to the defendant for the benefit of the daughter, Lewette.
We hold that in this case there are special considerations of an equitable nature which justify the court in crediting the payments made directly to Sidnia. Such is not the case in the payments that should have been paid through the registry of the court to the mother for the benefit of Lewette, and it was error for the court not to have found that Mr. Dorsey was in arrears in the amount of $1,050.00 for support for Lewette during the period in question.
As to the orders of the trial judge in reducing child support to $50.00 per month, the court examined the financial statements of the parties and heard the testimony as to the financial position of the parties and their needs. There is evidence of a change in circumstances of the parties since the prior hearing. Considering the evidence most favorable to the orders of the court, there is sufficient evidence to support the orders entered relative to alimony and support.
*584 In reaching our conclusions, we do not mean to imply that we necessarily agree with the conclusions of the trial court. Our position is well stated in Britt v. Britt, 137 Colo. 524, 328 P.2d 947, where the court said:
"While we might not have made the identical order which was entered by the trial court, we cannot say that the trial court acted arbitrarily or abused its discretion in promulgating the decree, nor can we under the record presented make an `adjustment and re-evaluation' as suggested by counsel for the husband."
Accordingly, the action of the trial court in reducing the alimony and child support payments is affirmed.
The case is remanded with directions to the trial court to enter the necessary orders consistent with the views herein expressed.
SILVERSTEIN, C. J., and PIERCE, J., concur.