491 P.2d 82 (1971)
Lise V. TESCHER, Plaintiff in Error,
v.
Maynard Kingdon TESCHER, Defendant in Error.
No. 70-131.
Colorado Court of Appeals, Division I.
September 21, 1971.
Rehearing Denied October 13, 1971.
Certiorari Denied December 13, 1971.
*83 William L. Rice, Denver, for plaintiff in error.
Meer & Wolf, Denver, for defendant in error.
Not Selected for Official Publication.
COYTE, Judge.
The parties were divorced in Nevada in 1949 and care of the three minor children, Maynard, Christopher and Susan, was awarded to plaintiff. The decree did not award support because defendant was served in Colorado and did not enter appearance in Nevada.
Thereafter, plaintiff filed suit in Colorado seeking a support order, and on January 19, 1956, the court entered an order requiring defendant to:
"* * * pay the sum of One Hundred Twelve Dollars and Fifty Cents, twice per month, commencing January 17, 1956 and the like amount on the 2nd and 17th day of each month thereafter until further Order of Court for support of the children, said payments to be made into the Registry of the Court."
On July 30, 1968, plaintiff filed a motion to determine the amount of arrears in support payments and to reduce the same to judgment. Defendant filed a motion to be credited with and be given a set-off for sums he expended for the education of the children.
At the hearing concluded January 6, 1969, it was stipulated by the parties that from January 17, 1956, to and including the month of December 1968, the total amount of payments required to be made in accordance with the court order amounted to $34,312.50; that defendant had paid into the registry of the court $20,415.50; that defendant had paid plaintiff directly the sum of $1,650; that the children had arrived at age 21 years as follows: Maynard Tescher, Jr., on October 16, 1964; Christopher V. Tescher on February 4, 1966; and Susan Tescher would be 21 years on September 24, 1969; that the defendant had paid the following sums for the education of the children:

 Maynard, Jr., Chris,
 21-10/16/64 21-2/4/66 Susan
 ------------- ---------- -------
1961 $ 750.00 $ $
1962 1653.00 75.00 65.00
1963 1978.00 1198.00
1964 2719.00 2405.00 141.00
1965 1856.00 2295.00 90.00
1966 630.00 1970.00 205.00
1967 1350.00 402.00
 _____________________________________________
Totals: $ 9586.00 $ 9293.00 $ 903.00

Totaling these sums, the trial court found that defendant had paid $19,782 for college expenses on behalf of said children, but that $5,806 of this amount had been paid for the benefit of a child after he became *84 21 years of age and, by agreement of the parties, this $5,806 was not considered. It further found that this $13,976 ($19,782 less $5,806) paid for college expense plus $1,650 paid directly to the wife were sums to be considered when determining credits for defendant, in addition to the $20,415.50 paid through the court registry. Thus, the trial court found a total of $36,041.50 was to be credited to defendant and concluded therefore, that defendant had voluntarily overpaid. The court thereupon denied plaintiff's motion to determine arrearage and reduce to judgment.
The court order provided that all payments were to be paid into the registry of the court. We held in Dorsey v. Dorsey, 28 Colo.App. 63, 470 P.2d 581, that payments made directly to a child or for the child's benefit may be credited to the money owed by the father where,
"* * * special considerations of an equitable nature may justify a court in crediting such payments on his indebtedness to the mother, when that can be done without injustice to her."
The finding by the trial court in the present case that: "Plaintiff agreed to this arrangement either expressly or at the very least by acquiescing in said substituted payment over a long period of time," creates a special consideration of an equitable nature so that the father may receive credit for payments made for the children's education, either to the child or directly to the person performing the service for the child. However, he cannot claim as a credit against his obligation to make support payments in accordance with the orders of court money he voluntarily paid in excess of that obligation.
Additionally, defendant cannot claim credit for $75 per child and then cease making the payment to the wife when a child becomes 21 years of age. The Supreme Court in Taylor v. Taylor, 147 Colo. 140, 362 P.2d 1027, stated:
"* * * When a divorce decree directs the father to pay a specified amount periodically for the joint benefit of more than one minor child, the emancipation of one of such children does not automatically affect the liability of the father for the full sum prescribed by the order. Rather it becomes the burden of the father, if he so desires, to make such showing as would entitle him to be relieved of all or a part of such obligation. His failure to do so estops him from asserting any credits for such emancipation under an arrearage judgment for the full amount of the group allowance. Application of Miller, 139 Neb. 242, 297 N.W. 91; Schrader v. Schrader, 148 Neb. 162, 26 N.W.2d 617."
The order for support "of the children" is not divisible when determining the amount of child support the father is required to pay per child per year, but is divisible when determining the extent of the credit that can be claimed by the father under these circumstances. See Dorsey v. Dorsey, supra. The credit to which defendant is entitled is limited to the amount he is obligated to pay under the court order, in this case $75 per month per child; and he is not entitled to credit for amounts he paid over and above his obligations as set forth in the order of court.
Judgment reversed and remanded with directions for the trial court to hold additional hearings if necessary and then compute the amount of arrearage and enter judgment consistent with this opinion.
DUFFORD and PIERCE, JJ., concur.