493 P.2d 679 (1972)
Verdona RIDER, Plaintiff-Appellant,
v.
Ronald RIDER, Defendant-Appellee.
No. 71-010.
Colorado Court of Appeals, Div. II.
February 8, 1972.
James A. Cain, Swenson & Pickens, Lakewood, for plaintiff-appellant.
Sonheim, Whitworth & Helm, Robert H. Sonheim, Arvada, for defendant-appellee.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiff (wife) appeals from an order awarding permanent custody of the four minor children of the parties to defendant.
In the divorce decree, entered May 11, 1970, plaintiff was awarded custody of the children, with the further order that permanent orders be continued to a later date. Defendant had previously filed a motion requesting custody. On May 18, 1970, he noticed his motion in for hearing claiming a change in circumstances which required an immediate change of custody. At the hearing a custody investigation report by the Probation Department was admitted without objection. Temporary custody was changed to the defendant. At the permanent orders hearing four months later, the report was again offered with an additional confidential portion. Over plaintiff's objection, the trial judge admitted the report and ordered that the confidential portion be made a part of the record, but ordered that the confidential portion was not *680 to be seen or used by anyone. At the conclusion of all the evidence, permanent custody of the children was awarded to the defendant.
The basic contention on appeal is that the court erred in granting custody to defendant and in the use of the report to reach such conclusion. Plaintiff also alleges that the court abused its discretion in limiting plaintiff's cross-examination and in denying plaintiff attorney fees and costs. Finally, the order is claimed to be incomplete in regard to division of property. We affirm.
1967 Perm.Supp., C.R.S.1963, 46-1-5(7), provides that the court shall consider a report if submitted. In admitting the report, the court cannot deny a party the opportunity to be heard. Anderson v. Anderson, 167 Colo. 88, 445 P.2d 397. Here, as in Aylor v. Aylor, 173 Colo. ___, 478 P.2d 302, the individuals who made the report were either in court or could have been made available for cross-examination. Sworn testimony of plaintiff, defendant, and one of the makers of the report was presented at the second hearing. There is no indication in the record that the trial judge acted contrary to his own instructions and used the confidential matters contained in the report. Where trial is to a court, it may be presumed on appeal that any incompetent evidence was disregarded by the trial judge. See Vanadium Corp. v. Wesco Stores Co., 135 Colo. 77, 308 P.2d 1011.
The paramount consideration in awarding custody of children is the best interest of the children themselves. An award of custody to one parent does not necessitate a finding of lack of fitness in the other. Root v. Allen, 151 Colo. 311, 377 P.2d 117. In the May 18, 1970, hearing the court found that it would be to the best interest of the children to award their custody to defendant. At the permanent hearing, the court ordered that permanent custody should remain with the defendant. Sufficient competent evidence appears in the record to support the award, and a careful review thereof reveals no abuse of discretion by the trial court in granting custody to the defendant. Its decision as to custody will not be disturbed upon review. Anderson v. Anderson, 124 Colo. 74, 234 P.2d 903.
The plaintiff asserts that the trial court abused its discretion in limiting cross-examination of the defendant. As set forth in Carsell v. Edwards, 165 Colo. 335, 439 P.2d 33, the extent of the exercise of the fundamental right to cross-examine witnesses lies within the sound discretion of the trial court. The single limitation complained of here was the refusal of the trial judge to allow a question regarding the length of time defendant's aunt and uncle had cared for the children. Defendant had previously testified that the children had been cared for by them for "only a short time." Neither repetition of the answer previously given nor a more specific response would add any new information to the record. Any inferences to be drawn as to plaintiff's credibility or as to the effect on the children could be drawn from the first response. Refusal of questions designed to elicit repetitious, cumulative answers is not an abuse of the court's discretion nor is it prejudicial error. Shaffer v. District Court, 102 Colo. 148, 77 P.2d 649; Walling v. Warren, 2 Colo. 434.
The plaintiff further alleges abuse of discretion by the trial court in its failure to award attorney's fees to her. Financial affidavits by the parties are not in the record. The lower court's findings at the second hearing included the income of each and the expenses of the defendant. However, the court also found that no additional affidavit was filed on behalf of the plaintiff indicating her expenses, as her condition had changed since the granting of the decree and the hearing on May 18, 1970. The award of attorney's fees in a divorce case is a matter lying within the sound discretion of the trial court. Miller v. Miller, 157 Colo. 213, 402 P.2d 66. From the information before this court, we cannot say that the trial court abused its *681 discretion in denying attorney fees to plaintiff.
Both parties acknowledged that certain articles of property were omitted in the division of property order entered by the trial court. Additional hearing should be held, if necessary, and a final order should then be entered making a complete distribution of all property belonging to the parties.
The judgment is affirmed as to permanent custody of the children and order relative to attorney fees, and the cause is remanded with direction that the trial court hold such further proceedings as may be necessary for the court to enter orders distributing all property owned by the parties.
PIERCE and SMITH, JJ., concur.