**Bryant BAKER, Plaintiff-Appellant,**

v.

**Helen Erna BAKER, Defendant-Appellee.**

**No. 82CA0776.**

Colorado Court of Appeals.

June 23, 1983.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

Stephen M. Joynt, Evergreen, for plaintiff-appellant.

Ralph B. Rhodes, Denver, for defendant-appellee.

TURSI, Judge.

Husband appeals from an order to enforce certain provisions of a separation agreement entered into in connection with the parties' divorce in 1971. With the exception of two modifications, we affirm.

By the separation agreement, which had been made a part of the divorce decree, wife was awarded custody of the parties' two children, and husband agreed to pay $250 monthly support for the children, all reasonable dentist and doctor bills of the children, and the expense of school clothing up to $150 for the children each September. He agreed also to make available to the wife for a monthly rent of $150 a house which was his separate property, and which he agreed not to encumber while the wife elected to remain in possession. Wife had a three-year option to purchase by taking over the mortgage payments.

In 1981, the wife filed a "Motion for Sundry Relief" claiming that the husband had breached the agreement by asking for $435 monthly rent. She sought an order restraining the husband from conveying the property, and contended that the agreement implicitly created a tenancy in common. She also requested an increase in child support, reimbursement for the chil-

dren's dental and doctor bills, and $1,500 for unpaid clothing allowance.

After a hearing, the court found that the language of the agreement gave the wife a life tenancy, and therefore ordered that she be allowed to continue in possession of the premises for $150 monthly rent for as long as she so elected. It further found that the husband owed $2,536.35 for medical and dental expenses, and $1,200 in clothing payments and ordered them paid. The court found that the older child was emancipated, and raised the support for the remaining child to $500 per month.

## I.

■ Wife contends that this appeal should be dismissed as untimely because husband failed to file a notice of appeal within 30 days of the court's denial of his motion for new trial and order awarding attorney's fees. However, within 10 days of that order, husband filed an objection to the award of attorney fees which, although not specifically so denominated, constituted a C.R.C.P. 52(b) motion that tolled the time for filing a notice of appeal. C.A.R. 4(a). Therefore, since the notice of appeal was filed 15 days after the court amended its order, the appeal is timely. *See Acme Delivery Service, Inc. v. Samsonite Corp.,* 663 P.2d 621 (Colo. announced 1983). *See also Valenzuela v. Mercy Hospital,* 34 Colo.App. 5, 521 P.2d 1287 (1974).

## II.

The husband contends that both children were emancipated, and thus, no further child support was warranted, or, alternatively, he asserts that circumstances had not rendered the agreement unconscionable. His contentions are without merit.

■ Whether a child is emancipated is a matter of law for the court to determine based upon the relevant circumstances. *In re Marriage of Robinson,* 629 P.2d 1069 (Colo.1981). A child who is living away from home and working part-time is unemancipated where, as the record established here, he is attending school and re-

mains dependent on his parents for financial support. *See Robinson, supra.*

■ As to modification of the support order, though the evidence here may be insufficient to show unconscionability, such a showing is not required. Because the parties were divorced prior to the effective date of the Uniform Dissolution of Marriage Act, § 14–10–101 et seq., C.R.S.1973, the prior statute governs, and the court is empowered to modify a child support award "as changing circumstances may require." Section 46–1–5(4), C.R.S.1963. Here, the evidence established that the child's needs had increased when he entered an out-of-state trade school, while the husband's financial resources remained substantial. We conclude that the evidence was sufficient to show a change in circumstances permitting modification. *Bradshaw v. Bradshaw,* 626 P.2d 752 (Colo.App.1981). *Cf. In re Marriage of Berry,* 660 P.2d 512, 513 (Colo.App. 1983).

## III.

■ The husband contends that the court erred in finding that the settlement agreement granted the wife a life tenancy in the house for $150 a month. We disagree.

Husband argues that because the document was silent on the length of the tenancy, a reasonable result must be inferred. However, the agreement provides that the husband is to "make said premises available to wife" if "she elects to continue in possession." Therefore, the lease was terminable only by the tenant, creating a leasehold estate in the wife for so long as she makes the $150 monthly rental payments. *Collins v. Shanahan,* 34 Colo.App. 82, 523 P.2d 999 (1974), *rev'd on other grounds,* 189 Colo. 169, 539 P.2d 1261 (1975). *See Dormer v. Walker,* 101 Colo. 20, 69 P.2d 1049 (1937).

## IV.

■ Husband further contends that the evidence does not support the trial court's order to pay wife $2,556.35 for the children's medical and dental expenses and $1,200 outstanding clothing allowance. As

to the medical and dental expenses the record reflects, without dispute, that $401 was expended by the wife for herself and that husband is not obligated for this amount. The evidence also is undisputed that husband had paid $950 of the $1,500 clothing allowance which the wife claimed and not the $300 with which the trial court credited him. The order must be corrected to reflect these errors.

Husband argues that excess child support payments of approximately $4,000 should be credited against the medical and dental expenses and clothing allowance. However, he cannot claim as a credit against this obligation sums voluntarily paid in excess of his support obligation. *See Dorsey v. Dorsey,* 28 Colo.App. 63, 470 P.2d 581 (1970).

### V.

Finally, husband contends that the court's award of attorney's fees to the wife is erroneous. The court awarded fees to the wife based on the provision of the separation agreement which states that "each party agrees to indemnify the other for a failure to comply with the terms of the agreement." An award of attorney's fees in subsequent litigation to enforce a separation agreement is within the trial court's discretion. We perceive no abuse of that discretion here. *Lay v. Lay,* 162 Colo. 43, 425 P.2d 704 (1967). However, we decline to award fees on appeal pursuant to C.A.R. 38.

The order of the trial court is modified to reduce husband's obligation for medical and dental expenses to $2,155.34 and for clothing expenses to $550, and as so modified, it is affirmed.

BERMAN and KELLY, JJ., concur.