Hector C. LUNA and Raisa Luna, Plaintiffs-Appellants,

v.

George W. FISHER and Harriet F. Elliott, d/b/a Continental Custom Carpentry; and Alexander Electric Co., a Colorado corporation, Defendants-Appellees.

No. 83CA0249.

Colorado Court of Appeals, Div. I.

Oct. 11, 1984.

McGuire, Kearns & Cornwell, Gary T. Cornwell, Michael T. DePinto, Denver, for plaintiffs-appellants.

Edward C. Eppich, Denver, for defendants-appellees George W. Fisher and Harriet G. Elliott, d/b/a Continental Custom Carpentry.

No appearance for defendant-appellee Alexander Elec. Co.

PIERCE, Judge.

Plaintiffs, Hector C. and Raisa Luna, sought actual damages in the amount of $28,550 from defendants, Fisher and Elliott, d/b/a Continental Custom Carpentry, (Fisher and Elliott) and Alexander Electric Company (Alexander), for alleged breach of a contract for home improvements, and punitive damages of $24,200 from Fisher and Elliott. Defendants asserted counterclaims and Alexander also asserted a cross-claim. Prior to trial the parties entered into a stipulation for settlement. Plaintiffs subsequently sought to have the stipulation set aside and now appeal from the order of the trial court refusing to grant them relief from the stipulation and order of dismissal. We affirm.

The record reflects the following facts pertinent to this appeal. At a hearing in September 1982, the parties' stipulation was presented to the trial court. The stipulation provided for payment of $1500 by plaintiffs and $1000 by Fisher and Elliott to Alexander, and payment of $500 to plaintiffs by Fisher and Elliott. The parties were required to execute secured promissory notes for the obligations, which were payable over a six-month period. The stipulation further provided that Alexander would release its mechanic's lien on plaintiffs' property, that the obligors agreed not to file for bankruptcy pending payment of their obligations, and that the action would be dismissed with prejudice.

Upon questioning by the trial court, plaintiff Raisa Luna stated that she did not think the settlement was "fair" but that her attorney had advised her it was "the best thing to do," and she was doing it voluntarily. Her attorney stated that in

the settlement conference with another trial judge, at which the agreement had been worked out, Fisher and Elliott had indicated that they would declare bankruptcy if judgment were entered against them, and thus, the decision was made that plaintiffs would be financially better off with the stipulation. The attorney advised the court that plaintiff Hector Luna had also approved the stipulation.

The trial court found the stipulation to be not unconscionable and entered into voluntarily and, accordingly, approved it. In response to the court's inquiry, counsel for Alexander undertook to reduce the stipulation to writing and to prepare an order for dismissal.

In October 1982, plaintiffs, through new counsel, filed a "Motion to Show Cause." They asserted that they had entered into the stipulation based on representations of Fisher and Elliott that they would be financially unable to pay any judgment entered against them and that they had subsequently learned that these representations "may have been fraudulent and a misrepresentation of the truth." The motion was accompanied by an affidavit from one Paul Lamberth, who averred that his investigations had revealed, in essence, that Fisher and Elliott were solvent and not in danger of being driven into bankruptcy.

Plaintiffs also alleged that Fisher and Elliott's counsel refused to provide any information with regard to his clients' intention to file for bankruptcy.

Subsequently, defendants filed an "Amended Motion to Make Stipulation an Order of Court," alleging, among other things, that the written stipulation, including an order for dismissal of the action, had been prepared, executed by defendants' counsel, and submitted to plaintiffs' counsel. But, it had not been executed by plaintiffs' counsel and apparently was not submitted to the trial court.

At a hearing on both parties' motions in November 1982, plaintiffs argued that there had been no entry of a judgment pursuant to C.R.C.P. 58(a)(3) because the trial court had not signed the written order after directing counsel to prepare it. Thus, their argument continued, the court could simply decline to approve the stipulation entered in open court. Alternatively, they requested that their motion should be considered as a motion to grant relief from judgment pursuant to C.R.C.P. 60(b).

At the conclusion of the hearing, since all matters concerning the propriety of the settlement had been resolved at the hearing thereon, the trial court ruled that the provision of C.R.C.P. 58(a)(3) relied on by plaintiffs was not applicable. The court, therefore, treated plaintiffs' motion as one to set aside the judgment pursuant to C.R.C.P. 60(b) and determined that, even if the statements in plaintiffs' affidavit were accepted as true, fraud had not been shown. Accordingly, it declined to vacate the order. It also specifically concluded that the stipulation had been made an order of court at the September hearing.

Plaintiffs assert on this appeal that the trial court erred in concluding that the order of settlement had been entered in September 1982. While we do not agree with the trial court's reasoning on the inapplicability of C.R.C.P. 58(a)(3), *see Sayat Nova, Inc. v. District Court*, 619 P.2d 764 (Colo. 1980), we conclude that plaintiffs' argument has no merit under the circumstances here.

C.R.C.P. 58(a) controls the date of entry of judgment for purposes of filing a timely motion pursuant to C.R.C.P. 59. *Moore & Co. v. Williams*, 672 P.2d 999 (Colo.1983). Here, the only pertinent issue is the validity and enforceability of the parties' stipulation. It became valid and enforceable as of the date the trial court announced in open court that it was making the stipulation an order of court, *Goltl v. Cummings*, 152 Colo. 57, 380 P.2d 556 (1963), and the parties were bound by it as of that date irrespective of the date of entry of judgment in the register of actions. *See also Royal v. Colorado State Personnel Board*, — P.2d — (Colo.App. 1984).

Plaintiffs alternatively assert that the trial court abused its discretion in not granting them relief, under C.R.C.P. 60(b)(2), on grounds of fraud, misrepresentation, or other misconduct. We disagree.

 The Lunas contend that they would not have agreed to the settlement agreement had they not been defrauded into believing that if they did not settle, the defendants would be forced to take bankruptcy. In support of this contention, their affidavit shows that, at the time of the settlement, defendants had some equity in a home and some automobiles.

Although Mrs. Luna testified that she was not satisfied with the "settlement stipulation," Lunas' arguments and affidavit provided insufficient basis for the trial court to find that the representations made by Fisher and Elliott were fraudulent. The testimony at the hearing indicated that although Fisher and Elliott would file for bankruptcy if a judgment were taken against them, the settlement apparently made bankruptcy filing unnecessary. It is also obvious from the record that if plaintiffs were to secure a judgment for the amount claimed in their complaint, the defendants would be put in a position of insolvency and that the assets alleged in the affidavit would be exempt property under the bankruptcy laws. Thus, we find no abuse of discretion in the trial court's denial of relief under C.R.C.P. 60(b)(2). *See Self v. Watt*, 128 Colo. 61, 259 P.2d 1074 (1953).

Plaintiffs further assert that the order should be set aside because their trial counsel negligently advised them to enter into the stipulation without making an adequate investigation. Such advice and failure to investigate, under the circumstances of this case, are not sufficient grounds for granting relief under C.R.C.P. 60(b)(1). *See BB v. SS*, 171 Colo. 534, 468 P.2d 859 (1970).

With respect to plaintiffs' assertion that the trial court erred in failing to grant them relief from judgment under C.R.C.P. 60(b)(5), this issue was raised for the first time in plaintiffs' motion for new trial after the trial court had denied their motion for relief under C.R.C.P. 60(b)(2). Plaintiffs are, therefore, precluded from now raising it on appeal. *See Marsaglia v. Marsaglia*, 170 Colo. 510, 462 P.2d 588 (1969).

The other issue raised by the Lunas is without merit.

Fisher and Elliott's request for damages pursuant to C.A.R. 38 is denied.

Order affirmed.

VAN CISE and TURSI, JJ., concur.