No. 18,152.

RUDOLPH S. JENNER *v.* CAROLYN H. JENNER.
(330 P. [2d] 544)

Decided October 14, 1958.

Mr. ROBERT E. COLE, for plaintiff in error.

Messrs. CREAMER & CREAMER, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties hereto appeared in the trial court in inverse order of their appearance in this court. We will

refer to plaintiff in error as the husband and the defendant in error as the wife.

The wife instituted a divorce action against her husband which proceeded as a non-contested case, resulting in a decree in favor of the wife. The husband was ordered to pay $50.00 per month for the support of the minor child of the parties, together with $20.67 per month to the wife for the purpose of paying premiums on certain life insurance policies.

The husband failed to make the payments provided for in the decree and was cited for contempt. In May 1950 the trial court reduced the amount to be paid for the child's support to $40.00 per month, determining at that time that the husband was in arrears in the sum of $1,018.09, and ordered that the arrearage need not be paid prior to May 10, 1951. All in accordance with a stipulation of the parties.

Nothing was paid and in August 1956 the wife had judgment entered against the husband for the arrearage of $1,018.09, which judgment was made a lien upon certain property of the husband, and the latter thereupon moved to vacate the judgment. The husband admitted "that on or about the 10th day of May 1950 the court above mentioned had entered a finding that the defendant [husband] was in arrears in his support payments in the amount of $1,018.09." It was claimed that the wife should be barred on the ground of laches. The motion to vacate the judgment was denied and the husband brings the case here on writ of error.

■ Inasmuch as this case is governed by the rule in *Burke v. Burke,* 127 Colo. 257, 255 P. (2d) 740 we decline to pass on the procedural questions incident to this writ of error raised by counsel for the wife.

In *Burke v. Burke,* this court said: "* * * the husband was not prejudiced by the entering of judgment for the correct total amount due under the decree. '*Each installment which matures under a decree which had not been modified becomes a judgment debt similar to any other*

*judgment for money. The original decree is final in character with respect to each matured installment and so cannot be challenged here and should not be challenged elsewhere. Execution may issue upon it.* It is therefore unnecessary to seek in the original action a 'money judgment' although upon a showing made to the court of the amount of the matured installments which remain unpaid, it is not improper for the District Court to note of record the amount which is then due under the original judgment.' " (Emphasis supplied.)

■ The husband does not deny owing the amounts for which judgment was entered, but complains he was not notified of the entry of judgment. No notice was necessary. In *Burke v. Burke,* supra, we said: "Here the wife was the successful party and the trial court had power, without previous notice to the husband, to enter judgment for the total arrears so that execution might issue thereon and the proceedings available to any judgment creditor could thereby be made available to her." See, also, *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P. (2d) 602.

Here the wife through her counsel followed the exact procedure approved in *Burke v. Burke,* supra.

■ Laches is not available to the husband under the facts in this case. This doctrine is discussed in some Colorado cases with relation to contempt proceedings. That the rule applies only to the remedy of contempt is recognized in *Lowell, Executrix, v. Arnett,* 104 Colo. 343 90 P. (2d) 957 and in *Hamilton v. Hamilton,* 104 Colo. 615, 94 P. (2d) 127. In the Hamilton case while the contempt remedy was refused, the court specifically stated: "But, whether, pursuant to the decree, there still is money due plaintiff in error, or she is advised so, her right to attempt collection through appropriate processes and writs may not properly be foreclosed in this proceeding."

We hold that the learned trial judge ruled correctly and the judgment of the trial court is affirmed.