No. 19,633.

JONNY BOYER *v.* FLOYD H. BOYER
(366 P. [2d] 661)

Decided December 11, 1961.

Miss VICTORIA F. GROSS, for plaintiff in error.

Mr. L. F. Butler, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Plaintiff in error was plaintiff and defendant in error was defendant in a divorce action in the trial court. Plaintiff will be referred to as the wife and defendant as the husband.

The parties were first divorced in 1946. They were remarried in 1949 and lived together for eight years until 1957 when another action in divorce was filed. That action was dismissed and a new action filed under the Divorce Act of 1958. The parties stipulated at the time of the filing of the last action that the husband should pay the wife $300.00 per month as alimony during the pendency of the action, but that this amount should not be considered as evidence of the needs of the wife or the ability of the husband to pay. Thereafter the husband filed a counter-claim seeking the divorce.

The matter came on for trial on October 7, 1959. The wife's attorneys requested a continuance because of her physical condition. The continuance was denied and the court proceeded to trial, granting a divorce to the husband. The court thereupon set for hearing on November 13, 1959, the wife's motion for a new trial and matters concerning alimony and property division.

At the November 13, 1959, hearing, after the motion for new trial had been denied the trial court was advised that the wife's attorneys had withdrawn from further participation in the case. The wife, contending that she had not understood that counsel had withdrawn, asked for a continuance to obtain counsel. The court denied the request for continuance and the hearing proceeded with the wife representing herself.

A great deal of testimony was presented by the hus-

band concerning his gross income and his net income, all of which the wife violently contested. At the close of the hearing the court made certain orders for the division of property and set the alimony at $125.00 per month, saying:

"I am going to leave you [the wife] right where you were before you got remarried."

The court further stated that after the income tax returns for 1959 were filed the matter would be reheard based upon what the income tax returns disclosed.

Accordingly, in April 1960, the wife petitioned for a rehearing and the matter was set for July 14, 1960. After hearing statements of counsel, the trial court announced that it would not determine the correctness of the November support order but would hear matters concerning the support order only if there was a change of circumstances since November. This was contrary to the statement of the court in November that the matter would be reheard when the income tax returns had been filed. No evidence was taken at the July 14, 1960, hearing.

The stop-gap order of November 19, 1959, now became the final order of the court. That order, however, was designed to put the parties in the same position as they were some 10 years earlier when they were remarried. By this procedure, the court adopted an order entered prior to 1946 giving no consideration to the present situation of the parties. Such an order cannot stand. The rule in Colorado is that awards of permanent alimony, if any, must be based upon the circumstances existing at the time of the hearing, including but not necessarily limited to the duration of the marriage, the financial condition of the parties, their needs and their abilities. *Watson v. Watson,* 135 Colo. 296, 310 P. (2d) 554.

The judgment is reversed and the cause remanded to the trial court with directions to determine the question

538

of permanent alimony in accordance with the standards above set forth.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.