No. 22165.

MILDRED K. GREEN *v.* HAROLD S. GREEN.
(451 P.2d 283)

Decided March 3, 1969.

CISNEROS and HUCKEBY, RICHARD M. HUCKEBY, for plaintiff in error.

FELIX D. LEPORE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

UNDER an agreement made between the parties and incorporated into a divorce decree, Mildred Green was entitled to receive from Harold Green payment of $400 per month as "support money for Plaintiff [Mildred] and the minor child, Donna Green." After a hearing on Harold's petition for modification of the support order which, Mildred contends, did not show a change of circumstances sufficient to support the trial court's judgment, the district court of Jefferson County — the Hon. George G. Priest sitting — terminated the payments in their entirety. At the same time the court entered a judgment for accumulated arrearages in the sum of $4605 — which were not disputed — and ordered that Harold pay the judgment in installments of $100 per month. Mildred is here challenging the correctness and propriety of the court's action.

We take up first the trial court's order terminating the payments to Mildred. We preface this, however, with a chronology of the court proceedings for purposes of clarity and focus.

The divorce decree was entered on July 24, 1962; it did not refer to the agreement of the parties. The decree contained an order which provided: "That the defendant [Harold Green] pay into the registry of the Court the sum of $400.00 per month as support money for plaintiff and the minor child, Donna Green."

On March 20, 1963 Harold filed a "Motion to Reduce Support Payments." The only relevant allegation of change in circumstances after the entry of the decree was "That since the entry of the decree of divorce herein, the plaintiff [Mildred Green] has become gainfully employed."

On May 20, 1963, a hearing on the motion was held before the Hon. Martin C. Molholm, a Judge of the district court. He entered an order denying the requested reduction. We do not have a transcript of that proceeding before us.

On August 13, 1965, Harold filed another motion for

reduction of support payments. He reiterated as a ground that Mildred was gainfully employed, but added a further allegation that the child Donna had become twenty years of age, was self-employed and was "about to enter into a marriage."

At the hearing before Judge Priest, it was agreed that only the change in circumstances which occurred subsequent to the hearing before Judge Molholm would be relevant, and the court so ruled. The record is unrefuted that since the hearing before Judge Molholm, Mildred's earnings of $50 per week as take home pay and her needs have not changed. At this time Harold's salary was $14,000 per annum as compared to $13,000 per annum as of the time of the entry of the decree. Judge Priest made no finding of change of circumstances as applied to Mildred, which was perfectly proper since there had been no change. Nevertheless, he found that because of Donna's marriage (which took place after the hearing but before the court's ruling) Harold "is no longer required to pay support money under the terms of the decree of divorce."

We hold that the court erred in terminating the order of payment in its entirety. Under the terms of the decree some part of the $400 was alimony for Mildred. In fact it was shown at the hearing that Harold had reported the entire $400 on his income tax return as alimony and had taken deductions for the payments. It was the duty of the court upon finding that the minor child was no longer entitled to support to make some reasonable apportionment out of the $400 which the divorce decree ordered paid for both Mildred and Donna, and to modify the decree only as to what it determined Harold had been paying for the support of Donna. Judge Molholm had already ruled that Mildred's employment in unskilled work as weighed against Harold's $14,000 per year income did not entitle him to a modification of the decree. This order became final and is res judicata as to Mildred in the absence of any new or different cir-

cumstances affecting her or affecting Harold's income.

██ With reference to the order limiting Mildred's right to collect her judgment on the arrearage, we hold that the court exceeded its jurisdiction. The judgment of $4605 entered against Harold is no different than any other money judgment. *Taylor v. Taylor*, 147 Colo. 140, 362 P.2d 1027; *Jenner v. Jenner*, 138 Colo. 149, 330 P.2d 544; *Burke v. Burke*, 127 Colo. 257, 255 P.2d 740. See *Engleman v. Engleman*, 145 Colo. 299, 358 P.2d 864, dealing with a different point but nevertheless reiterating that installments under a valid support order constitute a debt.

Mildred is entitled to levy execution on her judgment in the same manner as any other judgment creditor is entitled to collect on a judgment. We know of no authority, and none has been cited, empowering the court to enter an order authorizing a judgment creditor to parcel out payments (in this case over a period of close to four years) in liquidating a judgment.

The judgment is reversed and the cause remanded to the trial court to determine from the record or from a new hearing what portion of the $400 Mildred has been required to use for her own needs and what portion for Donna's support, and to apportion therefrom a reasonable amount for alimony for Mildred; that the court vacate its order permitting Harold to pay $100 per month on the arrearage; and further that interest on the arrearage be entered at the statutory rate since the entry of the judgment.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.