No. 24707.

MARY MONEL SCHAFFER *v.* DISTRICT COURT IN AND FOR THE
CITY AND COUNTY OF DENVER AND EDWARD J. KEATING, A
JUDGE THEREFOR; AND ROY SCHAFFER.
(470 P.2d 18)

Decided June 1, 1970.

GERALD A. KAY, for petitioner.

ROBERT J. VERNER, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an original proceeding. It challenges the jurisdiction of the district court to stay execution on a judgment entered after the accumulation of arrearages in support money payments ordered in a divorce decree. It also sought writ of prohibition to enjoin the court from hearing a motion to set aside the judgment. We issued a rule to the trial court to show cause why the relief requested should not be granted.

The petitioner, referred to herein as Mary, on February 20, 1970, applied to the clerk of the court for a writ of execution on the amounts then shown by the court registry to be due. A formal consolidation judgment was entered for the arrearage and a period of 10 days allowed to elapse after entry of the order. Simple statutory interest was calculated and a formal judgment was obtained *ex parte*. Petitioner then obtained a writ of execution and caused a garnishee summons to be served upon the employer of Roy.

On March 11, 1970, without notice to petitioner, Roy filed a motion and obtained an *ex parte* order staying execution of the judgment until May 27, 1970 — the date set for the hearing of the motion. Involved in the stay of execution was a garnishee summons served on Roy's employer, to which the employer answered that he was holding $141.80 until further order of the court.

 We agree with petitioner that the stay of execution granted by the trial court on March 11, 1970, must be set aside.

 The pertinent principle of law consistently followed in Colorado is enunciated in *Burke v. Burke*, 127 Colo. 257, 255 P.2d 740, quoting from *Kephart v. Kephart,* 193 F.2d 677:

"Each installment which matures under a decree which has not been modified becomes a judgment debt similar to any other judgment for money. The original decree is final in character with respect to each matured installment and so cannot be challenged here and should not be challenged elsewhere. Execution may issue upon it. * * *"

 The wife is entitled to levy execution on her judgment in the same manner as any other judgment creditor and is entitled to collect on that judgment. *Green v. Green,* 168 Colo. 303, 451 P.2d 283.

In the case at bar there is no claim by respondent that the decree has been modified or that arrearages are not owed. His motion to vacate judgment and stay proceed-

ings is, he declares, really a motion to secure relief from judgment under C.R.C.P. 60(b)(1)-(5) and 62(a) and (b). He alleges fraud in his motion, though not with the requisite particularity, and he also alleges mistake, apparently in the petitioner's calculations as to the arrearages.

Our examination of the record reveals the following facts concerning the installments upon which petitioner sought a consolidation and formal judgment:

Respondent, on August 15, 1967, at a hearing citing him for contempt of court for failure to pay support, admitted owing $817.50 to June 1, 1967. At the time of the hearing of citation in August, the respondent was further in arrears for the months of June, July and August 1967, in the amount of $120 which, together with the admitted arrearage, made a total of $937.50. The court ordered the respondent to pay the arrearages at the rate of $10 per month. The court registry shows four $10 payments in 1967; eleven in 1968; eleven in 1969, for a total of $260 payments on the admitted arrearages. The registry further shows that respondent husband failed to make two payments of $40 as ordered by the court. Thus the total arrearage at the time petitioner filed her motion for entry of formal judgment was $757.50.

▮ The records of payments and omissions to pay are taken from the certified registry of the court. Respondent's motion is based on Rule 60(b) which requires any motion for relief of judgment on the grounds of mistake or fraud to be made within six months after judgment. It is clear that each of the installments became a judgment when it accrued. Thus the only relief from judgment to which respondent could possibly be entitled on the grounds of fraud or mistake would pertain to those installments which became due six months or less before the final judgment.

▮ The only other grounds asserted by respondent are that the amount of interest on the judgment is improper, and that he will be jeopardized in his employ-

ment if garnishment proceedings are continued against him. Assuming error in the calculation of interest, we point out that it is merely clerical and does not require court intervention and stay of execution.

 In *Jenner v. Jenner*, 138 Colo. 149, 330 P.2d 544, where the amount of arrearage was undisputed, we held that no notice was necessary before entry of judgment on unpaid total arrears. In the case at bar, though respondent now purports to put in dispute the amount of the arrears, it is clear from the record that the admitted amount of $817.50 as of August, 1967, is *res judicata.* At the contempt hearing in August, 1967, petitioner was entitled to immediate judgment on the admitted amount. In *Green v. Green, supra,* this court made the following apt statement:

"* * * We know of no authority, and none has been cited, empowering the court to enter an order authorizing a judgment creditor to parcel out payments * * * in liquidating a judgment."

We do not question the trial court's jurisdiction to hear any evidence which respondent seeks to present concerning installments which have accrued six months or less before entry of the consolidated judgment. We do conclude, however, that the court acted in excess of its authority in staying execution on a writ of garnishment in the amount of $141.80 which appears as Exhibit M in the record.

The rule is made absolute as to all orders of the court except the one setting a hearing on May 27th, at which time the issues are limited to the questions raised on the calculation of arrearages six months prior to the date of the motion.