577 P.2d 771 (1977)
Maria L. SAULS, Plaintiff-Appellant,
v.
Homer W. SAULS, Defendant-Appellee.
No. 77-185.
Colorado Court of Appeals, Division 1.
December 22, 1977.
Rehearing Denied January 19, 1978.
Certiorari Denied April 24, 1978.
*772 Kuttler & Redman, P.C., J. E. Kuttler, John F. Webb, Jr., Aurora, for plaintiff-appellant.
John L. Springer, Aurora, for defendant-appellee.
ENOCH, Judge.
In 1969, Homer Sauls (husband), was the defendant in both a dependency action instituted on behalf of his children and a separate maintenance action instituted by Maria Sauls (wife). He was ordered, in the dependency action, to pay $300 per month child support. However, this order was terminated in May 1970, when the court was informed of the existence of the separate maintenance action. Husband filed for divorce and at the hearing held on July 9, 1971, a divorce was granted wherein the parties agreed, and the court ordered from the bench, "that the amount . . . being paid through a dependency action . . . continue as temporary child support until further order of this court." The court's order was not entered in the register of actions, nor was it included in the divorce decree.
On March 31, 1975, wife's motion in the divorce action for arrearages in child support payments, based upon the 1969 dependency action order, was granted and judgment was entered for $18,750 plus interest. In May 1976, husband moved to vacate the 1975 judgment, arguing it was void because the court had exceeded its jurisdiction. On December 7, 1976, the court determined the judgment was void and vacated the 1975 judgment. The wife appeals that judgment, and we reverse.
*773 The questions to be determined upon this appeal are whether the 1975 judgment was void or merely voidable, and, if voidable, whether husband timely asserted his objections thereto.
The validity of a judgment depends upon the court's jurisdiction over the person and the subject matter involved. A judgment rendered without jurisdiction is void. McLeod v. Provident Mutual Life Insurance Co., 186 Colo. 234, 526 P.2d 1318; In re the Marriage of Zubia, Colo.App., 558 P.2d 1003. In Klancher v. Anderson, 113 Colo. 478, 158 P.2d 923, the Supreme Court distinguished jurisdiction from the exercise of jurisdiction:
The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction. . . .
[J]urisdiction is the power to hear and determine . . . [and] the power to decide necessarily carries with it the power to decide wrongly as well as rightly. . . .
Where jurisdiction of the parties in a divorce action attaches, the parties' minor children become wards of the State, McMillin v. McMillin, 114 Colo. 247, 158 P.2d 444, the court retains jurisdiction over matters concerning their support, see § 14-10-122, C.R.S. 1973, and the court may, without notice to husband, enter judgment for arrearages in child support payments. Jenner v. Jenner, 138 Colo. 149, 330 P.2d 544.
Here, the record reflects the 1975 judgment arose out of the divorce proceeding, and not the dependency action, and therefore the court had the requisite jurisdiction to render a judgment regarding arrearages in child support payments. When the court mistakenly relied on the existence of a terminated dependency order in computing the amount of the judgment, it erred in its factual determination and in its application of the law to the issues of the case. However, since the court had jurisdiction, the judgment was voidable and not void. See McLeod, supra.
Accordingly, since no appeal was taken from the 1975 judgment and since it was merely voidable, not void, husband had only a "reasonable time" after it was entered to seek relief under C.R.C.P. 60(b). Husband's contention, i. e., that the judgment resulted from a mistaken belief in the existence of a terminated order, constitutes grounds for relief under C.R.C.P. 60(b)(1), and thus, under the rule, the "reasonable time" limitation for avoiding the effects of the judgment upon such grounds cannot exceed six months. Therefore, having waited nearly fourteen months, he is too late to attack the judgment, and it was error for the court to have set it aside.
The judgment is reversed and the cause is remanded with directions to reinstate the 1975 judgment for arrearages.
COYTE and PIERCE, JJ., concur.