**Marvin Leo SILCOTT, Appellant,**

v.

**Mary Lou Silcott WILSON and Kenneth E. Barnhill, Jr., Appellees.**

**No. 19735.**

Court of Civil Appeals of Texas, Dallas.

Feb. 14, 1979.

W. R. Sessions, F. T. Gauen, Jr., Sessions & Sessions, Dallas, for appellant.

M. Troy Murrell, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellees.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment enforcing foreign judgments. Mary Lou Wilson and attorney Kenneth E. Barnhill, Jr., appellees, sued Marvin Leo Silcott, appellant, to enforce a series of Colorado judgments pertaining to child support arrearages and attorney's fees, respectively. The trial court granted appellees' motion and rendered judgment in their favor. Since we hold that these Colorado judgments are final and are entitled to full faith and credit, we affirm.

Marvin and Mary Silcott obtained a Colorado divorce on November 16, 1964. As a part of the decree, appellant was ordered to pay child support and attorney's fees. Over the next thirteen years, one judgment for arrearages in child support and for attorney's fees and four other judgments for

unpaid child support [1] were rendered by the Colorado court against appellant. These judgments were unsatisfied. Appellees filed this suit in Texas to enforce these Colorado judgments against appellant, who is now a Texas resident.

At the hearing on appellees' motion for summary judgment, appellees established a prima facie case by proper summary-judgment evidence. Appellant filed his answer to the summary-judgment motion on the day of the hearing. Tex.R.Civ.P. 166–A(c) states that the adverse party must file his answer at least seven days prior to the day of hearing, unless he obtains leave of the court to file it later. The record fails to reflect whether leave was obtained. Thus, the judge was not compelled to consider appellant's response. Even if the judge considered it, the response did not contain any proper summary-judgment evidence raising a fact question.

Assuming that the trial court did consider appellant's answer, three arguments are raised: first, whether the Colorado judgments are final; second, whether the claim for attorney's fees has been discharged in bankruptcy; and finally, whether the judgment rendered is supported by the pleadings and the evidence. We find no merit in any of these contentions.

With respect to appellant's first contention, he argues that since the Colorado judgments are subject to modification, they are not final, and, consequently, are not entitled to full faith and credit. We cannot agree. Judgments decreeing arrearages in child support are final judgments and are entitled to the same treatment as any judgment for debt under Colorado law. *Jenner v. Jenner,* 138 Colo. 149, 330 P.2d 544, 545 (1958). In *Jenner,* the court stated: "Each installment [of unpaid child support] which matures under a decree which had not been modified becomes a judgment debt." Although the trial court refused appellee's motion to take judicial notice of *Jenner,* the court apparently applied Colorado law according to *Jenner.* Thus, under U.S.Const. Art. IV, sec. I, we must give this final judgment of a sister state the same effect to which it is entitled in the state where rendered. *Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Barber v. Barber,* 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); *Harris v. Harris,* 403 S.W.2d 445 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.). Even if the trial court failed to consider the law of Colorado regarding finality of judgments for arrearages in child support, the result is unchanged. The presumption that the law of Colorado is the same as that of Texas would apply, *State v. Thomasson,* 154 Tex. 151, 275 S.W.2d 463, 464 (1955), and these Colorado judgments are considered final under Texas law. *Red v. Red,* 552 S.W.2d 90 (Tex.1977); Tex. Family Code Ann. § 14.08(c)(2) (Vernon Supp.1978–1979).

Appellant next argues that appellee Barnhill's claim for attorney's fees is discharged in bankruptcy, by reason of a bankruptcy proceeding in Kansas in 1968. Appellant claims that the record raises a question of whether appellee's services were rendered in the original divorce action or in a later action. We do not agree. Judgments for support or maintenance of a wife or child are not dischargeable in bankruptcy. 11 U.S.C. § 35(a)(7) (Supp.1978). This section has been construed to include attorney's fees adjudged in connection with the representation of a wife in a divorce case. *Nunnally v. Nunnally,* 506 F.2d 1024, 1027 (5th Cir. 1975); *Allison v. Allison,* 150 Colo. 377, 372 P.2d 946 (1962). The record clearly reflects that the award of attorney's fees to appellee Barnhill was in connection with the divorce case in Colorado. Thus, we overrule this point.

---

1. These judgments were rendered on the following dates for the following amounts:

June 20, 1967—$2,495 for arrearages in child support, $4,225.04 for attorney's fees; .

April 27, 1970—$11,555 for arrearages in child support;

August 1, 1976—$28,000 for arrearages in child support;

August 27, 1977—$5,400 for arrearages in child support;

October 3, 1977—$900 for arrearages in child support.

Finally, appellant contends that the judgment rendered by the trial court is not supported by the pleadings and the evidence. He argues that appellees sought judgment in the amount of $48,350.00 and $4,225.04, respectively, but that the court awarded appellees $60,508.45 and $7,100.15, respectively, and thus violated the general rule that a judgment must conform to the pleadings. Tex.R.Civ.P. 301. This contention ignores the fact that appellees' pleadings included all of the Colorado judgments and that the court properly took judicial notice of the post-judgment interest statute in Colorado. Tex.R.Civ.P. 184a; *Schwartz v. Vecchiotti,* 529 S.W.2d 603 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). Applying the Colorado judgment interest statute, the court by simple arithmetic calculation correctly added interest to the principal amounts pleaded and rendered judgment accordingly. *See Casterline v. Burden,* 560 S.W.2d 499, 502 (Tex.Civ.App.—Dallas 1977, no writ). Although appellant has challenged the summary-judgment evidence, all of the authenticated Colorado judgments were attached to appellees' motion for summary judgment. Thus, both the pleading and the evidence were sufficient to support the judgment.

Accordingly, we affirm.