### In re the MARRIAGE OF Jimmie Dean STROUD, Appellant,

### and

### Joanne E. Stroud, Appellee.

### No. 79CA0365.

Colorado Court of Appeals,
Div. II.

Sept. 20, 1979.

Rehearing Denied Oct. 18, 1979.

Certiorari Granted Jan. 28, 1980.

Franklin T. Knowlton, Greeley, for appellant.

R. Sam Oldenburg, Greeley, for appellee.

BERMAN, Judge.

The husband appeals from the denial of his C.R.C.P. 60(b)(3) motion for relief from an order of the trial court which provided for disposition of the property of the parties. We affirm.

A decree of dissolution, which incorporated the parties' agreement as to the division of their property, was entered on March 14, 1977. On May 2, 1977, appellant filed a "motion in aid of execution" of the terms of the agreement. After a hearing on the motion on June 23, 1978, the trial court found that implementation of the agreement would "creat[e] a probability of unconscionable or unequitable results; and that therefore the Court must divide the property of the parties in a fair and equitable manner pursuant to law." The court then provided for division of the property.

Appellant filed a motion for a new trial which was denied because of his failure to file the requisite memorandum brief. C.R.C.P. 59(a); *West-Fir Studs, Inc. v. Anlauf Lumber Co.,* 190 Colo. 298, 546 P.2d 487 (1976). Appellant appealed to this court, which dismissed the appeal for the same reason.

Appellant then filed a motion in the trial court, under C.R.C.P. 60(b)(3), for relief from the June 23 order. The motion was based solely on the trial court's alleged lack

of jurisdiction to enter the June 23 order. The motion was denied and this appeal followed.

Appellee contends that the denial of appellant's motion is not an appealable final order. We do not address this question, however, because even if we assume, *arguendo,* that it is appealable, we find no error in the trial court's denial of it.

Appellant's argument that the June 23 order is void, is without merit. Appellant does not contend that the trial court lacked jurisdiction over the parties, and, although the June 23 order may have been improper and *voidable,* it was within the subject matter jurisdiction of the court. Therefore, it was not *void. See McLeod v. Provident Mutual Life Insurance Co.,* 186 Colo. 234, 526 P.2d 1318 (1974); *Sauls v. Sauls,* 40 Colo.App. 275, 577 P.2d 771 (1977).

Appellant's other contentions of error are without merit.

Order affirmed.

PIERCE and RULAND, JJ., concur.