**In Re the MARRIAGE OF Joseph B. FRANKLIN, Appellant,**

**and**

**Norma M. Franklin, Appellee.**

**No. 80CA0662.**

Colorado Court of Appeals, Div. I.

Sept. 10, 1981.

Lynn W. Toedte, Denver, for appellant.

DeMoulin, Anderson, Campbell & Laugesen, J. Fern Black, Visvaldis Jaunarajs, Denver, for appellee.

COYTE, Judge.

Husband appeals from the denial of his motion to set aside an *ex parte* judgment for child support entered against him. We reverse.

By amendment to the permanent orders in a dissolution proceeding, husband was required to pay a total of $425 per month as child support for his three children to his former wife commencing with the month of December 1975. The original decree provided "child support shall continue until the minor children are emancipated or until further order of this court." In November 1979 wife filed a motion for citation for contempt to be served upon the husband claiming that he had willfully failed to comply with the support orders.

Hearing was held in February 1980, at which time extensive testimony was taken regarding where each child was living and the amount of support that husband had paid. The trial court, in its findings of fact stated:

"The court finds that the Respondent has not paid all the amounts due pursuant to the letter of the order that was entered on the 5th day of March, 1974, and modified on December 9, 1975. The Court, however, finds that during the times that the Respondent failed to pay, the children were either in fact emancipated or residing with him and he was fully furnishing their support. It cannot be argued that the Respondent had authority to modify the orders at his own whim, but to hold him responsible for the payments of child support when the children were in fact emancipated or were living with him and being totally supported by him would do an injustice to him. To find the Respondent in Contempt of Court under this set of facts would be absurd. To reach a different result would make the Respondent liable for the support of his children and paying his wife for the same obligation."

The court, after making the above findings, ordered that the contempt citation be dismissed.

Shortly thereafter, wife filed a "motion for judgment for child support," and the court on March 27, 1980, entered an "order for judgment for child. support" in the amount of $12,655.

Subsequently, husband filed a "motion to set aside ex parte judgment." The court ruled that on the contempt citation matter, it had only ruled on whether the husband was in contempt and not on husband's obligation to pay support. Then, relying upon *Jenner v. Jenner*, 138 Colo. 149, 330 P.2d 544 (1958), it denied the motion to set aside the judgment.

At the hearing on the contempt citation, both husband and wife testified as did two of the children. It was apparent from the testimony that for some time one of the children had been emancipated and the other child had been living with the husband

and that the other child had continued to live with the wife and husband had been paying child support to the wife for the support of that child. There was some interchanging of custody between the parties, but the husband had unilaterally, when the children were not being supported by the wife, ceased to make payments required by the permanent orders.

The correct rule of law applicable to determining amounts of child support due in situations such as this is stated in *Partridge v. Partridge*, Colo.App., 601 P.2d 662 (1979):

"Past due installments for child support under a valid order constitute debts, and are, in and of themselves, matured obligations which a trial court has no power or authority to cancel *unless there exist adequate grounds for equitable relief from such an obligation.*" (emphasis added)

*See Griffith v. Griffith*, 152 Colo. 292, 381 P.2d 455 (1963); *compare Taylor v. Taylor*, 147 Colo. 140, 362 P.2d 1027 (1961). In *Jenner v. Jenner, supra,* the court deals only with the issue of whether a husband who fails to make payments as required by decree is entitled to notice of application for or entry of a judgment. Here, the court in the contempt citation proceedings found that there existed adequate grounds for equitable relief from his obligation, but refused to consider them when considering the motion to set aside the judgment.

Accordingly, the judgment is reversed and the cause is remanded to the trial court to determine on an equitable basis the arrearages, if any, of the husband and to enter judgment accordingly. There was detailed evidence taken at the contempt citation hearing. The court may make its findings from the testimony taken at that hearing or may order a new trial.

STERNBERG and KIRSHBAUM, JJ., concur.