In re the MARRIAGE OF: Franklin M. WARD, Appellant,

and

Lola Lee Ward, Appellee.

No. 83CA0221.

Colorado Court of Appeals, Div. III.

Sept. 22, 1983.

Allen J. Kincaid & Associates W. Edward Pabst, Brush, for appellant.

William H. Kirkman, Jr., Colorado Springs, for appellee.

BABCOCK, Judge.

Franklin Ward (husband) appeals from an order granting the motion of Lola Ward (wife) "to increase spousal maintenance in accordance with previous orders." We affirm.

At the time of the dissolution of the parties' marriage in November 1980, husband was anticipating retirement from the Army in May 1981. He had been attending law school at night and planned to take the bar exam in July 1981. Husband testified that he expected to earn between $17,000 and $23,000 per year as a lawyer in addition to receiving military retirement pay of $1,378 per month.

The trial court entered permanent orders, including an award of maintenance to wife of $400 per month. The court based the maintenance award on the husband's retirement income, the earning capacity of the parties, and "the assumption that [husband] will make about $20,000 in his first year of law practice." The court retained jurisdiction to modify the award of maintenance. The court also ordered husband to maintain a $40,000 life insurance policy with his wife as the irrevocable beneficiary. No appeal was taken from the permanent orders.

In January 1982, husband filed a motion to reduce maintenance because he did not pass the bar exam and had not found employment. In February 1982, the court granted a reduction in maintenance to $250 per month. The court ordered that the reduction was "temporary," that maintenance would be reinstated in full when husband became employed, and that husband then would be required to make payments of $550 per month for a "temporary period equal to any period of reduced maintenance." The higher payments were designed to "put the wife in the same financial position she would have been but for the reduction in maintenance." The court's order was not appealed.

In December 1982 wife filed a motion to "increase spousal maintenance in accordance with previous orders of [the] court." Husband responded with a motion to reduce spousal maintenance to $300 per month. At the hearing husband testified that he had passed the bar and that his gross income from all sources was $2,956.33 per month. Wife testified that her gross income from all sources (including $250 per month maintenance) was $1,628. At the conclusion of the hearing the court ordered husband to pay maintenance of $350 for 6 months, $400 for 12 months, $450 for 12 months, and $500 until the wife was compensated for those months when the husband paid less than $400. Thereafter, maintenance was to be continued at $400 per month.

■ Husband contends that the February 1982 order providing for temporary maintenance reductions was beyond the court's jurisdiction. Thus, he reasons that the order effected a permanent maintenance reduction and that the December 1982 modification, in the absence of wife's showing of changed circumstances as required by § 14–10–122(1), C.R.S.1973, constituted an abuse of the court's discretion. Wife contends that the February 1982 order was a valid judgment which was enforced, rather than modified pursuant to § 14–10–122(1), C.R.S. 1973, by the December 1982 order. We agree with the wife.

The February order provided that the reduction in maintenance was temporary and that full maintenance would be reinstated when the husband found work. Even if we assume, *arguendo,* that temporary modifications are impermissible under § 14–10–122(1), C.R.S.1973, they are, nevertheless, within the court's jurisdiction. *McCleod v. Provident Mutual Life Insurance Co.,* 186 Colo. 234, 526 P.2d 1318 (1974). Thus, the February order was enforceable.

Because husband did not appeal the February order, it acquired the force of a judgment. *See In re Marriage of Stroud,* 631 P.2d 168 (Colo.1981); *Sauls v. Sauls,* 40 Colo.App. 275, 577 P.2d 771 (1977). Consequently, the December 1982 order served to enforce the February 1982 judgment, rather than modify it, and did not constitute an abuse of discretion.

■ Husband next contends that the court erred in ordering him to make increased maintenance payments to cover losses sustained by the wife during periods of "reduced" maintenance. He argues that under § 14–10–122(1), C.R.S.1973, modifications in maintenance must be prospective rather than retrospective.

For the reasons stated above, we view the husband's failure to appeal the February order as decisive. The court's order expressly provided that the husband was to make up amounts delayed because of the temporary reduction. And, the husband accepted the benefit of the February order by reducing his maintenance payments for nine months. He may not now attack the order which provided that the relief was temporary. *See In re Marriage of Jones,* 627 P.2d 248 (Colo.1981).

■ Finally, husband contends that the court erred in December 1982 in denying his motion to terminate the order to maintain life insurance for wife's benefit. Again we disagree.

The husband failed to appeal that order when it was entered in 1980, and he did not subsequently seek relief pursuant to C.R. C.P. 60(b). Consequently, the order constitutes a valid judgment of the court. *McCleod v. Provident Mutual Life Insurance Co., supra.*

We do not view the issues raised on appeal as frivolous and, therefore, decline to award attorney's fees to wife. *See In re Marriage of Trask,* 40 Colo.App. 556, 580 P.2d 825 (1978).

Order affirmed.

STERNBERG and TURSI, JJ., concur.