The PEOPLE of the State of Colorado, Appellant, In the Interest of G.S., G.S., and M.S., Children,

Upon the Petition of M.S., now known as M.G.,

v.

W.J.S., Respondent-Appellee.

No. 82CA1074.

Colorado Court of Appeals, Div. I.

Sept. 22, 1983.

Certiorari Denied March 26, 1984.

Max P. Zall, City Atty., Bruce E. Turner, Asst. City Atty., Denver, for appellant.

Normando P. Pacheco, Denver, for respondent-appellee.

METZGER, Judge.

The People appeal an order directing the Denver Department of Social Services to refund monies obtained via a federal income tax refund intercept program to W.J.S., respondent in child support proceedings in Denver Juvenile Court. We affirm.

The questions to be decided are: (1) whether the trial court's order exceeded its jurisdiction and violated 28 U.S.C. § 1340; and (2) whether an outstanding arrearage in child support payments in itself constitutes an enforceable judgment.

The facts are not in dispute. In 1967, W.J.S. was named as respondent in child support contempt proceedings brought by the Denver Department of Social Services. On October 30, 1980, W.J.S. voluntarily executed an "Order for Assignment of Wages and Payroll Deduction" which provided that he pay $150 per month to the Juvenile Court registry: "$100 per month representing current child support and $50 representing arrearages." The city attorney stipulated to these amounts and distributions, and the court entered its order approving them on October 31, 1980. The court records do not reflect an entry of judgment for any arrearage amount at any time. Respondent remained current on his payments thereunder.

In 1981, the Omnibus Budget Reconciliation Account Act of 1981, 42 U.S.C. § 602, et seq. (1981), was enacted. It provides, in pertinent part, for interception of income tax refunds of persons certified by appropriate state agencies to be delinquent in their child support payments. It further directs the Internal Revenue Service to transmit these tax refunds (minus a small servicing fee) to the state agencies for application toward the arrearages.

The tax refund of W.J.S. and his current wife for the 1981 taxable year was intercepted by the I.R.S. and transmitted to the Denver Department of Social Services pursuant to its certification. W.J.S. requested return of those funds, alleging (1) that he had no child support arrearage because of his current payment status on the wage assignment and (2) that the tax refund, resulting from a joint return filed with his current wage-earning spouse, was jointly held property.

After several hearings, the court ordered the monies returned.

## I.

Citing 28 U.S.C. § 1340, the City argues that, since state courts have no jurisdiction over the workings of the Internal Revenue Service, the court had no jurisdiction to enter its refund order. However, in this instance, the refund order was directed to the Denver Department of Social Services, a state agency, over which the court did have jurisdiction. *Colo. Const.* Art. VI, § 15; § 13–8–103, C.R.S.1973. The actions of the Denver Department of Social Services in receiving and holding W.J.S.'s refund were separate and distinct from the action of the I.R.S. in intercepting and transmitting the refund. Accordingly, the juvenile court's order to the state agency involved no interference with the I.R.S. or with the workings of 28 U.S.C. § 1340. Therefore, the court's order was within its jurisdiction.

## II.

The City concedes that no order of judgment, pursuant to C.R.C.P. 54, was ever entered, but argues that child support amounts become enforceable judgments upon non-payment, citing *Burke v. Burke*, 127 Colo. 257, 255 P.2d 740 (1953) and *Jenner v. Jenner*, 138 Colo. 149, 330 P.2d 544 (1958). However, those cases, and their progeny, hold only that past-due child support installments are not modifiable retroactively, and that such non-support payments may be enforced by a court through entry of judgment, without notice to the obligor. *Ferkovich v. Ferkovich*, 130 Colo. 228, 274 P.2d 602 (1954); *Sauls v. Sauls*, 40 Colo.App. 275, 577 P.2d 771 (1977). Action by a court, in the form of an order of entry of judgment, is a mandatory prerequisite to enforcement of child support obligations by means other than remedial contempt proceedings. *In re Marriage of Woodrum*, 618 P.2d 732 (Colo.App.1980). Here, the record is devoid of any motion requesting judgment for arrearages and, although the wage assignment was titled "Stipulation and Consent to the Entry of Judgment," no judgment amount appears thereon.

We conclude that no enforceable money judgment was ever entered in this case. Consequently, the procedures employed by the Denver Department of Social Services in initiating the tax refund intercept pursuant to 42 U.S.C. § 602, et seq. were totally improper and without a basis in fact or law.

Because of this holding, we need not reach the City's contention that it could resort to other legal remedies in addition to the stipulation of wage assignment in order to collect arrearages pursuant to a valid judgment. Similarly, we need not rule on whether a jointly titled tax refund could be applied to an obligation of only one of the refund recipients.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.