In re the MARRIAGE OF Corine GILMORE, Appellee,

and

Robert Lee Gilmore, Appellant.

No. 81CA0373.

Colorado Court of Appeals, Division 2.

Oct. 20, 1983.

Burns & Figa, P.C., Hugh A. Burns, Denver, for appellee.

William A. Powers, P.C., William A. Powers, Littleton, for appellant.

VAN CISE, Judge.

In this dissolution of marriage action, Robert Lee Gilmore (husband) appeals that part of the final orders assigning the entire amount of his $511 federal civil service retirement pension now and in the future to Corine Gilmore (wife) as and for maintenance and to apply on a judgment for temporary maintenance arrearages. We reverse.

Temporary maintenance orders were entered in this case in October 1975. By stipulation of the parties, a judgment was entered against husband in June 1980 for a $21,000 arrearage and, in the order of judgment, the court provided that the judgment could be filed and recorded as a lien on husband's residential property.

In July 1980, the court entered its final orders. These included findings that wife was entitled to maintenance from husband, that her needs for maintenance were $511, and that husband had sufficient earnings from his federal civil service retirement pension and other employment to meet his own needs and the needs of wife.

The court then directed that a previously entered order under which husband's pension benefits were transferred and assigned to wife be continued for wife's life, with the pension to revert to husband on her death, and stated that:

> "[Wife] shall in the future receive the full net amount of the federal retirement benefits and annuity ... including any cost-of-living adjustments or other increases as they occur ... However, the amount of $250.00 of each monthly payment shall be credited to payment of the [$21,000] judgment ... If and when the judgment, together with interest as provided by law, shall be paid in full from such credit of $250 each month or otherwise, [wife] shall continue to receive the full net amount of such retirement benefits and annuity solely as maintenance, the court anticipating the continuation of inflation and the future needs of [wife]."

The court, noting that the judgment had been recorded as a lien against husband's home property, stayed execution on the judgment "so long as the $250 credit is applied to the judgment as ordered above." Wife did not appeal.

Husband does not challenge wife's entitlement to maintenance or the amount awarded. His appeal is directed to the propriety of the assigning of 100% of his net pension benefits now and in the future including any cost-of-living increases, and the application of part of the proceeds of the assignment to the arrearage judgment.

The federal statute relating to payment of civil service retirement benefits, 5 U.S.C. § 8345(j)(1), as amended September 15, 1978, provides:

> "Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Commission to another person if and

to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation."

Although admitting that the above statute permits the assignment of husband's pension "in whole or in part" to enforce his court-ordered maintenance payments, husband contends that this law does not apply to, or authorize, an assignment of part of the pension to satisfy a judgment for unpaid past-due installments of maintenance. We agree with husband, but for a different reason.

The $21,000 judgment entered against husband in June 1980 is no different from any other money judgment. Such judgment is collectible, like any other judgment, by execution, levy, attachment, garnishment, or other legal processes, but is subject to all applicable statutory restrictions and exemptions such as those prescribed in 15 U.S.C. § 1673, and in §§ 13–52–101, 13–52–102, 13–54–104, and 14–10–118, C.R.S.1973. Accordingly, the trial court in its July 1980 order exceeded its jurisdiction in limiting wife's right to collect her judgment, in entering an order parceling out $250 installment payments from whatever source over a period of years as a means of liquidating the judgment, and in staying execution on the judgment. *Green v. Green,* 168 Colo. 303, 451 P.2d 283 (1969); *see In re Marriage of Woodrum,* 618 P.2d 732 (Colo.App.1980).

Husband also contends the court erred by providing in the July 1980 order that wife was to receive any cost-of-living or other increase in his retirement pay. We agree.

Maintenance is awarded based on the needs of wife and husband's ability to pay, determined as of the date of the hearing, *see Boyer v. Boyer,* 148 Colo. 535, 366 P.2d 661 (1961); *In re Marriage of Lodholm,* 35 Colo.App. 411, 536 P.2d 842 (1973), subject to later revision on a proper showing. What wife's and husband's future circumstances may be is unknown at this time. The order should have been limited to the amount determined to be her present entitlement, and the assignment should have been similarly limited.

Husband's other contention is without merit.

We reverse that part of the order pertaining to maintenance, and concerning installment payments on, and stay of execution of, the $21,000 judgment. Because the matters of present maintenance and payments on the judgment were intertwined in the July 1980 order, the cause is remanded for a new trial as to maintenance, with the determination to be made based on the circumstances of the parties as of the date of the new trial. Until the new determination is made, the assignment of the pension shall continue, with all proceeds therefrom to go to the wife as temporary maintenance, except that any amount in excess of $511 monthly during the interim period shall be refunded by her to the husband.

SMITH and KELLY, JJ., concur.