**In re the MARRIAGE OF Sharon Lyn WARNER, Appellee,**

**and**

**Ronald Lee Warner, Appellant.**

**No. 85CA0444.**

Colorado Court of Appeals,
Div. II.

Jan. 9, 1986.

Rehearing Denied Feb. 20, 1986.

Certiorari Denied (husband) May 5, 1986.

Bettenberg, Miller, Makkai & Dowdle, Robert T. Bettenberg, Denver, for appellee.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Golden, for appellant.

SMITH, Judge.

Ronald Lee Warner (father) appeals from the trial court's denial of his motion to vacate a writ of continuing garnishment obtained by Sharon Lyn Warner (mother) to collect a judgment for child support arrearages. We affirm.

The trial court entered judgment for child support arrearages on December 13, 1983. No motions under C.R.C.P. 59 or 60 were filed. A writ of continuing garnish-ment was issued on September 17, 1984. On December 21, 1984, more than one year after entry of the judgment, the father filed a traverse to the writ designated as a "motion to vacate". He did so based on the theory that the court did not have jurisdiction to enter the judgment in the first instance. The trial court denied the motion and this appeal followed.

On appeal, the father contends that the judgment for child support arrearages was void because it represented a retrospective award of child support not permitted by the Uniform Dissolution of Marriage Act. We do not find any merit in this argument.

Even if we assume, *arguendo*, that the father is correct in his assertion that the judgment represented a retrospective award of child support, this would not ren-der the judgment for the arrearages void. It would merely establish a basis on which the father could seek to have the judgment modified or set aside on appeal or other appropriate proceeding. Thus, at most the judgment would be voidable, not void.

Whether a judgment is void de-pends on the court's jurisdiction over the person and the subject matter involved. *In re Marriage of Stroud*, 631 P.2d 168 (Colo. 1981); *McLeod v. Provident Mutual Life Insurance Co.*, 186 Colo. 234, 526 P.2d 1318 (1974). The father does not challenge the court's jurisdiction over his person, and there is no basis for his contention that the trial court lacked subject matter jurisdic-tion. Hence, pursuant to the Uniform Dis-solution of Marriage Act, the trial court had jurisdiction to enter a judgment against him for any arrearages that may have accrued in child support payments. *See Sauls v. Sauls*, 40 Colo.App. 275, 577 P.2d 771 (1977).

Because the judgment was not void, the only means by which the father could seek to have it altered, amended, or vacat-ed was by appropriate motion under either C.R.C.P. 59 or C.R.C.P. 60, *see Cortvriendt v. Cortvriendt*, 146 Colo. 387, 361 P.2d 767 (1961), or by an independent equitable ac-tion brought for the specific purpose of

attacking a facially valid judgment. *See Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974).

Although the father now argues that his motion to vacate the writ of garnishment should be considered a motion for relief from judgment pursuant to C.R.C.P. 60(b), the motion was not timely under that rule and did not state sufficient grounds under that rule to entitle father to such relief. Accordingly, we find no abuse of discretion in the trial court's denial of his motion to vacate the writ of garnishment.

Order affirmed.

STERNBERG and BABCOCK, JJ., concur.