**In re the MARRIAGE OF Marla JACOBS, n/k/a Marla Bryant, Appellant,**

**and**

**Jim Jacobs, Appellee.**

**No. 92CA1314.**

Colorado Court of Appeals, Div. II.

Aug. 26, 1993.

Paul Prendergast, Littleton, for appellant.

No appearance for appellee.

Opinion by Judge BRIGGS.

In this post-dissolution of marriage action, Marla Jacobs (mother) appeals the trial court's denial of her motion to set aside an *ex parte* judgment in favor of Jim Jacobs (father) for medical and college expenses and attorney fees. The mother contends she was entitled to notice prior to entry of the judgment. We reverse the order and remand for further proceedings.

The marriage was dissolved in 1976. The father was awarded sole custody to two of the three children of the marriage. In 1988, the father and mother entered into a stipulation for payment of accrued and future child support, uninsured medical expenses, and college or vocational training expenses for the three children, then 17, 18, and 20 years old.

Child support was to be paid pursuant to the child support guidelines. *See* § 14–10–115, C.R.S. (1987 Repl. Vol. 6B). That obligation is not challenged in this appeal.

Future uninsured medical expenses were to be paid for each child until his or her emancipation. The parties agreed that the expenses would be paid in proportion to each party's share of their combined gross income and stipulated that, at that time, their proportional shares of incomes were 65% for the father and 35% for the mother. The agreement provided that after all claims had been processed and insurance payments had been reflected on the billings, the mother would pay her 35% share and father his 65% share of the balance within thirty days.

As to future college and vocational training for their children, the parties agreed to pay their proportional shares of each child's expenses until the month of the child's twenty-first birthday or earlier emancipation. Payment was to be due within 30 days of receiving documentation or other reasonable explanation of the expenses.

Each party was also given the right to recover attorney fees and costs incurred as a result of the other's failure to timely perform his or her obligations under the agreement. The court approved the stipulation and adopted it as an order.

Two years later, in 1990, the mother filed a *pro se* "notice" with the court stating she had learned that both children, although supposedly with the father, had in fact

been living on their own since graduating from high school in 1988. The mother stated that she would therefore no longer pay child support or other payments specified in the decree. The record does not reflect whether the father received a copy of the notice. Neither the court nor the father took any action in response to the filing.

In April 1992, father filed a verified motion for entry of judgment in the amount of $1,170.93 for the mother's share of medical and college expenses and for his attorney fees. The period of time during which the expenses were incurred was not indicated.

In the motion, the father's attorney stated that, pursuant to *Jenner v. Jenner*, 138 Colo. 149, 330 P.2d 544 (1958), the mother was not entitled to notice and execution could enter forthwith. The court entered an *ex parte* judgment, and father proceeded to garnish the mother's bank accounts.

The mother then filed a motion to set aside the judgment, asserting that the children were emancipated and that the funds were not due; the alleged expenses had not been paid; she had not been given sufficient notice of the expenses; the medical bills had not been submitted to the insurer; she was not given notice of the motion for judgment; and attorney fees were not properly included in the judgment. The trial court, relying on the *Jenner* decision, denied the motion without a hearing, based on its conclusion that the mother was not entitled to notice before the entry of judgment.

The mother contends, in essence, that the trial court erred in denying without a hearing her motion to set the judgment aside. We agree.

In *Jenner v. Jenner, supra,* our supreme court held, based on its earlier decision in *Burke v. Burke,* 127 Colo. 257, 255 P.2d 740 (1953), that each undisputed installment of child support which matures under a decree without modification becomes a judgment debt similar to any other judgment for money. This concept has now been codified by statute. Section 14–10–122(1)(c), C.R.S. (1992 Cum.Supp.) (when child support is ordered, a payment be-

comes a final money judgment when it is due and not paid); *see In re Marriage of Greenblatt,* 789 P.2d 489 (Colo.App.1990) (child support arrearage becomes final money judgment when due and not paid and may be enforced without further action by the court).

The trial court did not address the fact that the judgment was entered, not for fixed child support payments, but for medical and college expenses, which are subject to additional elements of proof. *See Wilson v. Wilson,* 559 So.2d 698 (Fla.Dist.Ct. App.1990); *Rohn v. Thuma,* 408 N.E.2d 578 (Ind.App.1980); *Loomstein v. Mercantile Trust National Ass'n,* 507 S.W.2d 669 (Mo.App.1974); *Lenz v. Lenz,* 222 Neb. 85, 382 N.W.2d 323 (1986); *cf. Waltman v. Waltman,* 480 So.2d 594 (Ala.Civ.App. 1985).

Even if we likewise ignore this consideration, the mother would still be entitled to a hearing on the merits of her motion.

The supreme court's ruling in *Jenner* and §§ 14–10–122(1)(c) and 14–5–110(2), C.R.S. (1987 Repl. Vol. 6B), restrict the trial court's discretion to modify retroactively an accrued child support obligation and provide that such an obligation becomes a judgment when due and not paid. However, the restriction does not extend to the authority to set aside such a judgment on an appropriate basis. This is because the purpose of these provisions "is to facilitate enforcement of support orders rather than abrogate the authority of the courts to apply equitable principles to ameliorate the enforcement of judgments.... [That authority may be exercised] when warranted by the existence of conditions that would render fundamentally unfair or unjust the enforcement of such judgments." *In re Marriage of Dennin,* 811 P.2d 449, 450 (Colo.App.1991).

Here, the mother sought, under C.R.C.P. 60(b), to set aside the judgment which had already been entered on the basis that part or all of the obligation was in fact never owing. A motion filed under this rule is an appropriate method to seek relief on this basis from an *ex parte* judgment, including one for child support. *See In re Marriage*

*of Warner,* 719 P.2d 363 (Colo.App.1986); *In re Marriage of Franklin,* 634 P.2d 1032 (Colo.App.1981); *see also Schaffer v. District Court,* 172 Colo. 43, 470 P.2d 18 (1970).

The mother had filed a "notice" with the court contesting her liability for further payments of child support, including the expenses in question. *Cf. In re Marriage of Stroud,* 631 P.2d 168 (Colo.1981) (unless due process violated, the informality of the wife's request amounts to no more than an irregularity not affecting the jurisdiction of the court). It is uncontested that the mother did not receive notice of the motion for, or entry of, judgment. Her motion to set aside the judgment was filed promptly and raised defenses that, if meritorious, would defeat the father's right to judgment. In these circumstances, the trial court should have held a hearing to determine the merits of the mother's motion to set aside the judgment. *See Walker v. Associates Loan Co.,* 153 Colo. 261, 385 P.2d 421 (1963); *In re Marriage of Franklin, supra; but cf. In re Marriage of Greenblatt, supra.*

The mother also contends on appeal that entry of the judgment for medical and college expenses without notice and a hearing prior to entry of judgment was a violation of her right to due process. Because this issue was not properly presented to the trial court, we do not address it. *See Wilson v. Board of County Commissioners,* 703 P.2d 1257 (Colo.1985); *Blueflame Gas, Inc. v. Van Hoose,* 679 P.2d 579 (Colo. 1984).

The order is reversed, and the cause remanded for further proceedings in accordance with this opinion.

METZGER and REED, JJ., concur.